THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v QUINTON T. HARVEY, Appellant. [894 NYS2d 622]—

Appeal from a judgment of the Monroe County Court (Richard A. Keenan, J.), rendered September 20, 2007. The judgment convicted defendant, upon his plea of guilty, of robbery in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of robbery in the first degree (Penal Law § 160.15 [4]), defendant contends that, by denying his request to speak with his mother, the police in effect cut off the avenue

by which he was most likely to obtain counsel and thus in effect denied defendant the right to counsel. Notably, defendant does not directly contend that he was denied the right to counsel, a contention that of course does not require preservation (*see People v Ramos*, 99 NY2d 27, 30 [2002]). Were we to address the attenuated contention of defendant even in the absence of preservation (*see People v Humphrey*, 15 AD3d 683, 685 [2005], *lv denied* 5 NY3d 763 [2005]; *see also People v Glover*, 144 AD2d 581 [1988]), we would conclude that it is lacking in merit. "[I]t is impermissible for the police to use a confession, even if it be otherwise voluntary, obtained from a 17-year-old defendant when, in the course of extracting such confession, they have sealed off the most likely avenue by which the assistance of counsel may reach him by means of deception and trickery" (*People v Townsend*, 33 NY2d 37, 41 [1973]; *see also People v Bevilacqua*, 45 NY2d 508, 513 [1978]). Here, however, defendant failed to demonstrate that the police prevented him from speaking with his mother by means of "official deception or trickery" (*People v Salaam*, 83 NY2d 51, 55 [1993]; *see People v Martin*, 39 AD3d 1213 [2007], *lv denied* 9 NY3d 878 [2007]), and defendant thus is not entitled to the suppression of the statements that he made to the police after asking to speak with his mother.

We reject the further contention of defendant that the police unlawfully detained and arrested him. It is well settled that a general description of an individual, without more, is insufficient to provide reasonable suspicion that the individual has committed a crime to justify a forcible seizure of that individual (*see People v Stewart*, 41 NY2d 65, 69 [1976]; *People v Thomas*, 300 AD2d 416 [2002], *lv denied* 99 NY2d 620 [2003]). Here, however, the record of the suppression hearing establishes that a police officer saw defendant, who matched the general description of the suspects, emerge next to a vacant property less than one block from the scene of the shooting, in the path of the police K-9 unit that was tracking the suspects. The officer testified at the suppression hearing that defendant fled from the area when he observed the officer. It is well settled that "a defendant's flight in response to an approach by the police, combined with other specific circumstances indicating that the suspect may be engaged in criminal activity, may give rise to reasonable suspicion, the necessary predicate for police pursuit" (*People v Sierra*, 83 NY2d 928, 929 [1994]; *see People v Martinez*, 59 AD3d 1071, 1072 [2009], *lv denied* 12 NY3d 856 [2009]). The officer thus was entitled to pursue and forcibly detain defendant in order to conduct an investigation into the shooting and robbery (*see People v McCoy*, 46 AD3d 1348, 1348-1349 [2007],

*lv denied* 10 NY3d 813 [2008]; *People v Galloway*, 40 AD3d 240 [2007], *lv denied* 9 NY3d 844 [2007]; *People v Gatling*, 38 AD3d 239 [2007], *lv denied* 9 NY3d 865 [2007]). Further, the police had the requisite probable cause to arrest defendant. The officer pursuing defendant observed him move his hand to his waist area and also observed defendant place his hands over the fence that he was attempting to scale. After detaining defendant, the officer also observed a gun on the other side of that fence. Based on the totality of the circumstances, the reasonable suspicion that justified the forcible seizure ripened into probable cause when the officer observed the gun, thus warranting the arrest (*see People v Cabrera*, 11 AD3d 238 [2004], *lv denied* 3 NY3d 755 [2004]; *People v Strickland*, 291 AD2d 420 [2002], *lv denied* 98 NY2d 656 [2002]; *People v Coon*, 212 AD2d 1009 [1995], *lv denied* 85 NY2d 937 [1995]).

Defendant failed to preserve for our review his contention that he should have been adjudicated a youthful offender inasmuch as he failed to request youthful offender status either at the time of the plea proceedings or at sentencing (*see People v Ficchi*, 64 AD3d 1195 [2009]; *People v Capps*, 63 AD3d 1632 [2009], *lv denied* 13 NY3d 795 [2009]; *People v Fowler*, 28 AD3d 1183 [2006], *lv denied* 7 NY3d 788 [2006]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Finally, the sentence is not unduly harsh or severe. Present—Centra, J.P., Peradotto, Green and Pine, JJ.