■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN CRUZ, Appellant. [902 NYS2d 435]—

Peters, J. Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered June 25, 2009, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.

Defendant was charged with multiple drug crimes following the seizure of various controlled substances and drug paraphernalia from the motel room where he was staying. At the conclusion of a combined *Mapp/Dunaway* hearing, County Court denied defendant's motion to suppress the evidence seized. Thereafter, pursuant to a negotiated plea bargain, defendant pleaded guilty to criminal possession of a controlled substance in the third degree and waived his right to appeal. County Court sentenced him to five years in prison followed by two years of postrelease supervision. Defendant now appeals, challenging the denial of his suppression motion.

Notably, defendant does not attack the validity of his waiver of the right to appeal, and the record confirms that it was knowingly, voluntarily and intelligently made. During the plea colloquy, County Court fully informed defendant of the separate and distinct right that was being waived and the consequences thereof, and addressed it separately from those rights being forfeited upon defendant's guilty plea. Defendant confirmed his understanding that he was giving up his right to appeal from all aspects of the case, including everything that had already occurred, and counsel fully joined in the waiver. In light of defendant's valid appeal waiver, he is foreclosed from now challenging County Court's ruling on his suppression motion (*see People v Kemp*, 94 NY2d 831, 833 [1999]; *People v Muirhead*, 67 AD3d 1258, 1259 [2009]; *People v Schmidt*, 57 AD3d 1104 [2008]; *People v Martin*, 16 AD3d 767, 767-768 [2005]).

Mercure, J.P., Spain, Rose and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.