(February 24, 2011)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR MERCER, Appellant. [917 NYS2d 397]—

Lahtinen, J. Appeal from a judgment of the County Court of

Ulster County (Bruhn, J.), rendered July 24, 2007, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the fourth degree.

After an alleged sale of cocaine and heroin to an undercover police officer, defendant was charged in a four-count indictment with two counts of criminal sale of a controlled substance in the third degree and two counts of criminal possession of a controlled substance in the third degree. County Court denied his pretrial motion to dismiss the indictment in which he contended that the grand jury proceedings had been defective. The case proceeded to trial and, while the jury was deliberating following the presentation of proof, defendant elected to accept a plea offer by the People. In accordance with the plea agreement, defendant pleaded guilty to one count of the reduced charge of criminal sale of a controlled substance in the fourth degree in satisfaction of all charges, he waived his right to appeal and he received a sentence, as a second felony offender, of two years in prison followed by 18 months of postrelease supervision. Defendant appeals.

We affirm. Defendant argues that he did not receive the effective assistance of counsel, evidentiary errors occurred at trial, and the integrity of the grand jury was compromised by the presence of a law enforcement officer as a grand juror. A guilty plea generally "marks the end of a criminal case, not a gateway to further litigation" (*People v Taylor*, 65 NY2d 1, 5 [1985]). Thus, alleged errors that are normally forfeited by a guilty plea include, as relevant here, an assertion of ineffective assistance that is not directly related to the plea bargaining process or the voluntariness of the plea (*see People v Parilla*, 8 NY3d 654, 660 [2007]; *People v Petgen*, 55 NY2d 529, 534-535 [1982]; *People v Heier*, 73 AD3d 1392, 1393 [2010], *lv denied* 15 NY3d 805 [2010]), an argument regarding evidentiary rulings at trial (*see People v Campbell*, 73 NY2d 481, 486 [1989]; *People v Mead*, 198 AD2d 612, 613 [1993], *lv denied* 82 NY2d 899 [1993]), and a challenge to the grand jury proceedings that does not go to the issue of jurisdiction (*see People v Hansen*, 95 NY2d 227, 231 [2000]; *People v Robertson*, 279 AD2d 711, 712-713 [2001], *lv denied* 96 NY2d 805 [2001]). We further note that, contrary to defendant's contention, the record reveals that he knowingly and voluntarily waived his right to appeal (*see People v Phelan*, 77 AD3d 987, 987 [2010]; *People v Cruz*, 74 AD3d 1496, 1497 [2010], *lv denied* 15 NY3d 803 [2010]), and accordingly his current arguments are also precluded by that valid waiver (*see People v Jeske*, 55 AD3d 1057, 1058 [2008], *lv denied* 11 NY3d 898 [2008]; *People v Stokely*, 49 AD3d 966, 968 [2008]).

Peters, J.P., McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed.