# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

593

KA 10-01015

PRESENT: SCUDDER, P.J., FAHEY, CARNI, GREEN, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

ANDREW P. SHUBERT, DEFENDANT-APPELLANT.

---

LAW OFFICES OF MAURICE J. VERRILLO, P.C., ROCHESTER (MAURICE J. VERRILLO OF COUNSEL), FOR DEFENDANT-APPELLANT.

JOSEPH V. CARDONE, DISTRICT ATTORNEY, ALBION (KATHERINE BOGAN OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Orleans County Court (James P. Punch, J.), rendered May 11, 2009. The judgment convicted defendant, upon his plea of guilty, of attempted rape in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of attempted rape in the first degree (Penal Law §§ 110.00, 130.35 [4]), defendant contends that his waiver of the right to appeal was not knowing and voluntary. Even assuming, arguendo, that the waiver of the right to appeal is invalid (*see generally People v Lopez*, 6 NY3d 248, 256-257), we nevertheless conclude that none of defendant's contentions on appeal requires reversal or modification. Contrary to defendant's contention, the sentence is not unduly harsh or severe. In addition, by failing to move to withdraw the plea or to vacate the judgment of conviction, defendant failed to preserve for our review his further contentions that the plea allocution was factually insufficient (*see People v Lopez*, 71 NY2d 662, 665), and that the plea was not knowing and voluntary (*see People v Cruz*, 81 AD3d 1300). In any event, the record establishes that those contentions are without merit. Finally, to the extent that defendant's contention that he was denied effective assistance of counsel is not forfeited by his plea of guilty (*see People v Brown*, 63 AD3d 1650), that contention also is without merit (*see generally People v Ford*, 86 NY2d 397, 404). Defense counsel obtained an advantageous plea offer and requested several breaks during the plea proceeding in order to address defendant's questions and concerns. Indeed, defendant assured County Court that he was satisfied with the

representation that he received from defense counsel.

Entered:  April 29, 2011                    Patricia L. Morgan
                                            Clerk of the Court