THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES HICKS, Appellant. [932 NYS2d 412]—

Memorandum: On appeal from a judgment convicting him upon a plea of guilty of attempted robbery in the first degree (Penal Law §§ 110.00, 160.15 [4]), defendant contends that his waiver of the right to appeal was invalid. We reject that contention. Despite defendant's contention to the contrary, the record establishes that he knowingly, intelligently and voluntarily waived his right to appeal as a condition of the plea bargain (*see generally People v Lopez*, 6 NY3d 248, 256 [2006]). Supreme Court "engage[d] the defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (*People v James*, 71 AD3d 1465, 1465 [2010] [internal quotation marks omitted]), and the record establishes

that defendant " 'understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty' " (*People v Dunham*, 83 AD3d 1423, 1424 [2011], *lv denied* 17 NY3d 794 [2011], quoting *Lopez*, 6 NY3d at 256). The challenge by defendant to the court's suppression ruling is encompassed by his valid waiver of the right to appeal (*see People v Kemp*, 94 NY2d 831, 833 [1999]; *People v Williams*, 49 AD3d 1281 [2008], *lv denied* 10 NY3d 940 [2008]). Present—Centra, J.P., Fahey, Peradotto, Lindley and Martoche, JJ.