# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

409

KA 11-00633

PRESENT: SCUDDER, P.J., SMITH, CENTRA, FAHEY, AND PERADOTTO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

ALEXA R. KNOXSAH, DEFENDANT-APPELLANT.

---

JAMES L. DOWSEY, III, ELLICOTTVILLE (KELIANN M. ELNISKI OF COUNSEL), FOR DEFENDANT-APPELLANT.

LORI PETTIT RIEMAN, DISTRICT ATTORNEY, LITTLE VALLEY (KELLY M. BALCOM OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Cattaraugus County Court (Larry M. Himelein, J.), rendered January 24, 2011. The judgment convicted defendant, upon her plea of guilty, of burglary in the third degree, criminal mischief in the third degree, overdriving, torturing or injuring an animal, petit larceny and assault in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her upon a plea of guilty of, inter alia, burglary in the third degree (Penal Law § 140.20). We reject defendant's contention that her waiver of the right to appeal was invalid (*see generally People v Lopez*, 6 NY3d 248, 256). Although defendant's further contention that her plea was not knowingly, voluntarily and intelligently entered survives her valid waiver of the right to appeal, defendant failed to preserve that contention for our review (*see People v Davis*, 45 AD3d 1357, 1357-1358, *lv denied* 9 NY3d 1005). This case does not fall within the rare exception to the preservation requirement set forth in *People v Lopez* (71 NY2d 662, 666), "inasmuch as nothing in the plea colloquy casts significant doubt on defendant's guilt or the voluntariness of the plea" (*People v Lewandowski*, 82 AD3d 1602, 1602). In any event, the record establishes that the plea was knowingly, voluntarily, and intelligently entered (*see generally People v Shubert*, 83 AD3d 1577, 1578).

Although defendant was not required to preserve for our review the contention that she was denied the right to counsel (*see People v Kinchen*, 60 NY2d 772, 773; *People v Harvey*, 70 AD3d 1454, 1455, *lv denied* 15 NY3d 750), we nevertheless conclude that it is without merit. The postplea return on warrant appearance was not a "critical stage of the proceeding" (*People v Chapman*, 69 NY2d 497, 500), and

thus the absence of defense counsel did not constitute a deprivation of defendant's rights (*see generally People v Garcia*, 247 AD2d 549, *affd* 92 NY2d 726, *cert denied* 528 US 845; *People v Bogan*, 78 AD3d 855, 855, *lv denied* 16 NY3d 742; *People v Blas*, 192 AD2d 540, 540, *lv denied* 82 NY2d 751).

Defendant further contends that County Court improperly issued a bench warrant based upon her failure to appear for a probation interview and improperly held her without bail pending sentencing upon her rearrest. Even assuming, arguendo, that defendant's contentions survive her valid waiver of the right to appeal, defendant failed to preserve those contentions for our review inasmuch as she did not raise them before County Court (*see generally* CPL 470.05 [2]), or by way of a motion to withdraw the plea or to vacate the judgment of conviction, and we decline to reach those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Defendant's contention that she was denied effective assistance of counsel does not survive her plea or her valid waiver of the right to appeal because defendant "failed to demonstrate that 'the plea bargaining process was infected by [the] allegedly ineffective assistance or that defendant entered the plea because of [her] attorney['s] allegedly poor performance' " (*People v Wright*, 66 AD3d 1334, *lv denied* 13 NY3d 912; *see People v Rizek* [appeal No. 1], 64 AD3d 1180, *lv denied* 13 NY3d 862). In any event, we nevertheless conclude that she received meaningful representation (*see generally People v Ford*, 86 NY2d 397, 404), inasmuch as "nothing in the record casts doubt upon the apparent effectiveness of counsel" (*People v Nieves*, 89 AD3d 1285, 1286 [internal quotation marks omitted]). Indeed, defense counsel successfully argued for the promised sentence despite defendant's rearrest in violation of the plea agreement.

Entered:  April 27, 2012                                Frances E. Cafarell
                                                        Clerk of the Court