# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

127

KA 98-05247

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, WHALEN, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

SAM CHINN, III, DEFENDANT-APPELLANT.

---

SAM CHINN, III, DEFENDANT-APPELLANT PRO SE.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (VICTORIA M. WHITE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (J. Kevin Mulroy, J.), rendered July 23, 1997. The judgment convicted defendant, upon his plea of guilty, of murder in the first degree and murder in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals pro se from a judgment convicting him upon his plea of guilty of murder in the first degree (Penal Law § 125.27 [1] [a] [viii]; [b]) and murder in the second degree (§ 125.25 [1]). We reject defendant's contention that his waiver of the right to appeal was invalid. "[T]he record establishes that he knowingly, intelligently and voluntarily waived his right to appeal as a condition of the plea bargain" (*People v Hicks*, 89 AD3d 1480, 1480, *lv denied* 18 NY3d 924), and County Court " 'engage[d] the defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice' " (*id.*). The record also establishes that defendant "understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (*id.* at 1481 [internal quotation marks omitted]).

Defendant further contends that his plea was involuntarily entered due to coercive statements made to him by the court. Although that contention survives the valid waiver of the right to appeal and is preserved for our review (*cf. People v Williams*, 91 AD3d 1299, 1299; *People v Moore*, 59 AD3d 983, 984, *lv denied* 12 NY3d 857), we conclude that defendant's "plea was knowingly, voluntarily, and intelligently entered" (*People v Knoxsah*, 94 AD3d 1505, 1505-1506; *see generally People v Shubert*, 83 AD3d 1577, 1578). Defendant's "responses to County Court's inquiries were sufficient to establish both his guilt and that the plea as a whole was knowing, intelligent and voluntary" (*People v Davis*, 84 AD3d 1645, 1646, *lv denied* 17 NY3d

815).  Although defendant may have decided to plead guilty and be sentenced to life without parole out of fear that he would be sentenced to death if convicted after trial, that decision was a consequence of his own actions, having killed two people and confessing those crimes to the police in writing and on videotape.  It cannot be said that the court, by advising defendant of the maximum punishment for capital murder, thereby coerced him into pleading guilty.

Defendant's contention "that exculpatory evidence was improperly withheld from him" and thus that there was a *Brady* violation is raised for the first time on appeal and therefore is unpreserved for our review (*People v Hayes*, 71 AD3d 1187, 1189, *lv denied* 15 NY3d 852, *reconsideration denied* 15 NY3d 921; *see People v Johnson*, 60 AD3d 1496, 1497, *lv denied* 12 NY3d 926).  Moreover, defendant forfeited any such contention by pleading guilty (*see People v Kidd*, 100 AD3d 779, 779; *People v Philips*, 30 AD3d 621, 621, *lv denied* 8 NY3d 949, *reconsideration denied* 8 NY3d 989; *People v Knickerbocker*, 230 AD2d 753, 753-754, *lv denied* 89 NY2d 943).  In any event, defendant's contention lacks merit, inasmuch as the record establishes that no arguably exculpatory evidence was withheld from defendant prior to the entry of his plea of guilty.

Defendant further contends that this Court's rules imposing the burden of preparing the appellate record on defendants-appellants are unconstitutional and that, as a result, he has been denied a fair opportunity for appellate review.  That contention is encompassed by defendant's waiver of the right to appeal (*see generally People v Muniz*, 91 NY2d 570, 574) and, in any event, lacks merit.  Similarly, defendant's waiver of the right to appeal "encompasses his challenges to the court's suppression rulings" (*People v Mitchell*, 93 AD3d 1173, 1174, *lv denied* 19 NY3d 999; *see People v Kemp*, 94 NY2d 831, 833).  We note in any event that, "[r]egardless of whether defendant made a valid waiver of his right to appeal, . . . [his] argument[s] concerning the suppression hearing [are] unavailing" (*People v Caviness*, 95 AD3d 622, 622, *lv denied* 19 NY3d 995).

Defendant failed to preserve for our review his contention that the integrity of the suppression hearing was compromised because the prosecutor improperly coached one of his suppression hearing witnesses and the suppression court failed to maintain impartiality (*see generally People v Martin*, 96 AD3d 1637, 1638, *lv denied* 19 NY3d 998).  In any event, there is no indication in the record that any suppression witness was improperly prepared to testify or that the court was biased.  Further, defendant's contention that the indictment was defective because the People improperly re-presented the case to the grand jury to obtain first degree murder charges was forfeited by his guilty plea (*see People v Batista*, 299 AD2d 270, 270, *lv denied* 99 NY2d 626; *see also People v Mercer*, 81 AD3d 1159, 1160, *lv denied* 19 NY3d 999), and is also precluded by his waiver of the right to appeal (*see Mercer*, 81 AD3d at 1160; *People v Buckler*, 80 AD3d 889, 890, *lv denied* 17 NY3d 804).

Finally, defendant's contentions that he was denied his constitutional right to a speedy trial and his due process right to prompt prosecution survive the plea and waiver of the right to appeal (*see People v Cain*, 55 AD3d 1271, *lv denied* 11 NY3d 896), but they are unpreserved for our review because defendant "failed to move to dismiss the indictment on those grounds" (*People v Smith*, 48 AD3d 1095, 1096, *lv denied* 10 NY3d 870; *see People v Kemp*, 270 AD2d 927, 927, *lv denied* 95 NY2d 836). In any event, defendant's contentions lack merit. Defendant was indicted less than three months after the murders, and any delay after indictment was largely due to voluminous pretrial motions filed by the defense. In fact, defendant moved pro se to extend the time to file motions. A suppression hearing was expeditiously conducted, and further defense motions were made and decided. Although defendant was incarcerated between the time of his arrest on November 16, 1995 and his plea on July 2, 1997, that delay was not inordinate given that this was a capital case, and there is no evidence that the defense was impaired by reason of any delay (*see generally People v Decker*, 13 NY3d 12, 14-16; *People v Taranovich*, 37 NY2d 442, 445).

Entered:  March 15, 2013                    Frances E. Cafarell
                                            Clerk of the Court