# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

844

KA 08-02384

PRESENT: SCUDDER, P.J., SMITH, CENTRA, FAHEY, AND PERADOTTO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                      MEMORANDUM AND ORDER

SHERRELL WILLIAMS, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

CHARLES T. NOCE, CONFLICT DEFENDER, ROCHESTER (KATHLEEN P. REARDON OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (ROBERT J. SHOEMAKER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Richard A. Keenan, J.), rendered September 15, 2008. The judgment convicted defendant, upon his plea of guilty, of criminal possession of forgery devices.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of forgery devices (Penal Law § 170.40 [2]) and, in appeal No. 2, he appeals from a judgment convicting him upon his plea of guilty of identity theft in the first degree (§ 190.80 [1]). Both pleas were entered during one plea proceeding, during which defendant waived his right to appeal. We reject defendant's challenge in both appeals to the validity of the waiver of the right to appeal (*see People v Lopez*, 6 NY3d 248, 256; *People v Callahan*, 80 NY2d 273, 283). "The written waiver of the right to appeal, together with defendant's responses during the plea proceeding, establish that the waiver was voluntarily, knowingly, and intelligently entered" (*People v Griner*, 50 AD3d 1557, 1558, *lv denied* 11 NY3d 737; *see People v Ramos*, 7 NY3d 737, 738). The valid waiver of the right to appeal encompasses defendant's contention in appeal No. 1 with respect to County Court's suppression ruling (*see People v Kemp*, 94 NY2d 831, 833).

Defendant's constitutional speedy trial claim raised with respect to both appeals survives the plea and the valid waiver of the right to appeal (*see People v Chinn*, 104 AD3d 1167, 1169, *lv denied* 21 NY3d 1014; *see also Lopez*, 6 NY3d at 255), but it is unpreserved for our review with respect to appeal No. 2 because defendant never moved to dismiss the superior court information (*see Chinn*, 104 AD3d at 1169;

*People v Kwiatkowski*, 263 AD2d 552, 552, *lv denied* 93 NY2d 1021). We decline to exercise our power to review the contention with respect to appeal No. 2 as a matter of discretion in the interest of justice (*see* CPL 470.15 [3] [c]). With respect to appeal No. 1, defendant contends that the 14-month delay from the time the search warrant was executed until he was indicted deprived him of his right to due process. In determining whether there has been an unconstitutional delay in commencing a prosecution, we must examine "(1) the extent of the delay; (2) the reason for the delay; (3) the nature of the underlying charge; (4) whether or not there has been an extended period of pretrial incarceration; and (5) whether or not there is any indication that the defense has been impaired by reason of the delay" (*People v Taranovich*, 37 NY2d 442, 445; *see People v Pulvino*, 115 AD3d 1220, 1222, *lv denied* ___ NY3d ___ [June 10, 2014]). Upon considering the *Taranovich* factors, we conclude that the delay did not deprive defendant of his right to due process (*see People v White*, 108 AD3d 1236, 1237, *lv denied* 22 NY3d 1044). We note in particular that the indictment encompassed charges that occurred several months after the warrant was executed. In addition, the People established that the investigation was ongoing during the relevant time period, and it included attempting to locate a primary witness who disappeared after being arrested and released on an appearance ticket, and conducting photo array identification procedures and forensic analysis of the seized computer.

Entered: September 26, 2014

Frances E. Cafarell
Clerk of the Court