People v Owens (2018 NY Slip Op 01797)





People v Owens


2018 NY Slip Op 01797


Decided on March 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, DEJOSEPH, AND WINSLOW, JJ.


342 KA 16-00656

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
HAKIM OWENS, ALSO KNOWN AS HAKIM JONES, DEFENDANT-APPELLANT. 






MICHAEL J. STACHOWSKI, P.C., BUFFALO (MICHAEL J. STACHOWSKI OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (JULIE BENDER FISKE OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (Kenneth F. Case, J.), rendered September 23, 2015. The judgment convicted defendant, upon his plea of guilty, of assault in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of assault in the second degree (Penal Law
§ 120.05 [2]). Contrary to defendant's contention, his waiver of the right to appeal is valid (see generally People v Lopez, 6 NY3d 248, 256 [2006]). County Court "engage[d] the defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (People v Hicks, 89 AD3d 1480, 1480 [4th Dept 2011], lv denied 18 NY3d 924 [2012] [internal quotation marks omitted]), and the record establishes that he "understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (Lopez, 6 NY3d at 256). Defendant's valid waiver of the right to appeal forecloses his challenge to the court's suppression rulings (see People v Kemp, 94 NY2d 831, 833 [1999]), and we note in any event that defendant withdrew his suppression motion before he pleaded guilty. Even assuming, arguendo, that defendant's contention with respect to the sentence imposed survives his valid waiver of the right to appeal, we conclude that it lacks merit.
Entered: March 16, 2018
Mark W. Bennett
Clerk of the Court