People v Sage (2019 NY Slip Op 03204)





People v Sage


2019 NY Slip Op 03204


Decided on April 26, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


454 KA 16-01938

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JENNIFER SAGE, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (DEBORAH K. JESSEY OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DANIEL J. PUNCH OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (Thomas P. Franczyk, J.), rendered February 25, 2016. The judgment convicted defendant, upon her plea of guilty, of vehicular manslaughter in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting her, upon her plea of guilty, of vehicular manslaughter in the first degree (Penal Law § 125.13 [1]). Contrary to defendant's contention, her waiver of the right to appeal is valid (see generally People v Lopez, 6 NY3d 248, 256 [2006]). County Court engaged defendant in "an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (People v Hicks, 89 AD3d 1480, 1480 [4th Dept 2011], lv denied 18 NY3d 924 [2012] [internal quotation marks omitted]), and the record establishes that she "understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (Lopez, 6 NY3d at 256). The valid waiver of the right to appeal encompasses defendant's challenge to the severity of her sentence (see id.). We note, however, that the certificate of conviction incorrectly reflects that defendant was convicted of a violation of Penal Law § 125.31 (1), and therefore it should be amended to reflect that she was convicted under Penal Law § 125.13 (1) (see People v Morrow, 167 AD3d 1516, 1518 [4th Dept 2018], lv denied — NY3d — [Mar. 19, 2019]).
Entered: April 26, 2019
Mark W. Bennett
Clerk of the Court