People v Smith (2019 NY Slip Op 06884)





People v Smith


2019 NY Slip Op 06884


Decided on September 27, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, LINDLEY, AND DEJOSEPH, JJ.


769 KA 18-00364

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DENNIS T. SMITH, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






DAVID J. FARRUGIA, PUBLIC DEFENDER, LOCKPORT (THERESA L. PREZIOSO OF COUNSEL), FOR DEFENDANT-APPELLANT.
CAROLINE A. WOJTASZEK, DISTRICT ATTORNEY, LOCKPORT (THOMAS H. BRANDT OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), rendered August 1, 2017. The judgment convicted defendant, upon his plea of guilty, of attempted burglary in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted burglary in the third degree (Penal Law §§ 110.00, 140.20). Contrary to defendant's contention, his waiver of the right to appeal is valid (see generally People v Lopez, 6 NY3d 248, 256 [2006]). Supreme Court engaged defendant in "an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (People v Hicks, 89 AD3d 1480, 1480 [4th Dept 2011], lv denied 18 NY3d 924 [2012] [internal quotation marks omitted]), and the record establishes that he "understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (Lopez, 6 NY3d at 256). The valid waiver of the right to appeal encompasses defendant's challenge to the severity of his sentence (see id. at 255-256).
Entered: September 27, 2019
Mark W. Bennett
Clerk of the Court