People v Morrison (2023 NY Slip Op 02423)

People v Morrison

2023 NY Slip Op 02423

Decided on May 5, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, CURRAN, OGDEN, AND GREENWOOD, JJ.

222 KA 19-00331

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
WILLIAM MORRISON, DEFENDANT-APPELLANT. 

STEPHANIE R. DIGIORGIO, UTICA, FOR DEFENDANT-APPELLANT.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (HANNAH STITH LONG OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered September 17, 2018. The judgment convicted defendant upon a plea of guilty of rape in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of rape in the first degree (Penal Law
§ 130.35 [1]). After a previous trial on the indictment, defendant was convicted of, inter alia, rape in the first degree, and this Court affirmed his conviction (People v Morrison, 90 AD3d 1554 [4th Dept 2011], lv denied 19 NY3d 1028 [2012], reconsideration denied 20 NY3d 934 [2012]). Thereafter, we granted defendant's motion for a writ of error coram nobis (People v Morrison, 128 AD3d 1424 [4th Dept 2015]). In March 2017, we reversed the judgment and granted a new trial based on an O'Rama error, and on June 28, 2018, the Court of Appeals affirmed our decision (People v Morrison, 148 AD3d 1707 [4th Dept 2017], affd 32 NY3d 951 [2018]). Defendant then entered an Alford plea to rape in the first degree in satisfaction of all charges in the indictment, with a promised sentence of a determinate term of incarceration of 14 years with 5 years' postrelease supervision. County Court indicated that the parties and the court understood that defendant would have served that sentence by the time of sentencing the following month, but the court stated that it had to verify that with the Department of Corrections and Community Supervision (DOCCS).
On appeal, defendant contends that the plea was not knowingly, intelligently, and voluntarily entered and that his constitutional right to a speedy trial was violated. Inasmuch as both claims would survive even a valid waiver of the right to appeal, we need not address the validity of defendant's waiver of the right to appeal (see People v Davis, 206 AD3d 1603, 1604 [4th Dept 2022]; People v Gumpton, 199 AD3d 1485, 1485 [4th Dept 2021]; People v Gessner, 155 AD3d 1668, 1669 [4th Dept 2017]; People v Williams, 120 AD3d 1526, 1526-1527 [4th Dept 2014], lv denied 24 NY3d 1090 [2014]). Defendant contends that he did not receive the benefit of the plea bargain inasmuch as the court allowed him to remain incarcerated beyond the sentencing date, and thus the plea was involuntarily entered. As defendant correctly concedes, he failed to preserve that contention for our review because he never moved to withdraw the plea or to vacate the judgment of conviction (see People v Diggs, 129 AD3d 1675, 1675-1676 [4th Dept 2015], lv denied 26 NY3d 966 [2015]). In any event, we conclude that defendant's contention is without merit. Defendant received the benefit of the plea bargain inasmuch as he was sentenced to the promised sentence (see id. at 1676). The expectation that defendant would be released on the date of sentencing was not a promise to do so inasmuch as the court indicated that DOCCS had the final decision on that matter.
Defendant further contends that his constitutional right to a speedy trial was violated when the court repeatedly adjourned the matter during the pendency of the People's appeal to the [*2]Court of Appeals from the decision of this Court remitting the matter for a new trial. Defendant's contention is not preserved for our review because he never moved to dismiss the indictment on that ground or even objected to the adjournments (see People v Minwalkulet, 198 AD3d 1290, 1292-1293 [4th Dept 2021], lv denied 37 NY3d 1147 [2021]; People v Burke, 197 AD3d 967, 969 [4th Dept 2021], lv denied 37 NY3d 1159 [2022]; Williams, 120 AD3d at 1526). In any event, upon our review of the factors set forth in People v Taranovich (37 NY2d 442, 445 [1975]), we conclude that defendant was not denied his constitutional right to a speedy trial (see Minwalkulet, 198 AD3d at 1293; People v Kennedy, 78 AD3d 1477, 1479 [4th Dept 2010], lv denied 16 NY3d 798 [2011]). Inasmuch as any motion to dismiss the indictment on the ground that defendant was denied his constitutional right to a speedy trial would not have succeeded, we reject defendant's further contention that defense counsel was ineffective in failing to make such a motion (see Minwalkulet, 198 AD3d at 1293; Burke, 197 AD3d at 969).
Entered: May 5, 2023
Ann Dillon Flynn
Clerk of the Court