People v Byrd (2024 NY Slip Op 01418)

People v Byrd

2024 NY Slip Op 01418

Decided on March 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., BANNISTER, MONTOUR, OGDEN, AND DELCONTE, JJ.

137 KA 22-02020

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TYRONE BYRD, DEFENDANT-APPELLANT. 

KEEM APPEALS, PLLC, SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (ELISABETH A. DANNAN OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered May 14, 2019. The judgment convicted defendant upon his plea of guilty of burglary in the first degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of two counts of burglary in the first degree (Penal Law § 140.30 [1]). Even assuming, arguendo, that defendant's waiver of the right to appeal is invalid, we nevertheless conclude that none of defendant's contentions on appeal requires reversal or modification (see generally People v Paul, 139 AD3d 1383, 1383 [4th Dept 2016], lv denied 28 NY3d 973 [2016]; People v Shubert, 83 AD3d 1577, 1577 [4th Dept 2011]). Defendant's contention that his plea of guilty was invalid because the Judge who presided over his plea proceeding recused himself prior to sentencing is unpreserved for appellate review and, in any event, without merit (see generally People v Pastor, 28 NY3d 1089, 1090-1091 [2016]). "Where, as here, a judge voluntarily recuses [themselves] to avoid the appearance of impropriety, 'judicial proceedings had prior to the recusal . . . remain valid, absent a showing of actual bias or actual impropriety' " (People v Joseph, 167 AD3d 776, 777 [2d Dept 2018]; see generally Ulrich v Estate of Zdunkiewicz, 8 AD3d 1014, 1014 [4th Dept 2004]). Defendant did not make such a showing here.
Defendant further contends that his guilty plea was not knowing, voluntary, and intelligent because certain portions of Supreme Court's inquiry of defendant occurred after his factual admissions to the elements of the crime. That contention is not preserved for our review inasmuch as defendant did not move to withdraw his guilty plea or to vacate the judgment of conviction on that ground (see generally People v Scales, 118 AD3d 1500, 1500 [4th Dept 2014], lv denied 23 NY3d 1067 [2014]), and the narrow exception to the preservation rule does not apply here (see generally People v Lopez, 71 NY2d 662, 666 [1988]).
Contrary to defendant's contention, we conclude that County Court did not abuse its discretion in denying defendant's motion to withdraw his guilty plea. Defendant's assertions that he did not understand the proceedings are belied by the statements he made during the plea colloquy (see People v Lewicki, 118 AD3d 1328, 1329 [4th Dept 2014], lv denied 23 NY3d 1064 [2014]).
Defendant's contention that defense counsel was ineffective does not survive his guilty plea because defendant has not "demonstrate[d] that the plea bargaining process was infected by [the] allegedly ineffective assistance or that [he] entered the plea because of [his] attorney['s] allegedly poor performance" (People v Jackson, 202 AD3d 1447, 1449 [4th Dept 2022], lv denied 38 NY3d 951 [2022] [internal quotation marks omitted]; see People v Coleman, 178 AD3d 1377, 1378 [4th Dept 2019], lv denied 35 NY3d 1026 [2020]). Defendant failed to show a [*2]reasonable probability that, but for defense counsel's alleged errors, defendant would not have pleaded guilty and would have insisted on going to trial (see Coleman, 178 AD3d at 1378; People v Yates, 173 AD3d 1849, 1850 [4th Dept 2019]).
Contrary to defendant's contention, we conclude that his sentence is not unduly harsh or severe. We have reviewed defendant's remaining contentions and, as noted, we conclude that none warrants reversal or modification of the judgment.
Entered: March 15, 2024
Ann Dillon Flynn
Clerk of the Court