People v Walker (2024 NY Slip Op 03278)

People v Walker

2024 NY Slip Op 03278

Decided on June 14, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, GREENWOOD, AND NOWAK, JJ.

338 KA 21-00656

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TERRELL L. WALKER, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (JAMES ECKERT OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Douglas A. Randall, J.), rendered April 26, 2021. The judgment convicted defendant, upon a jury verdict, of driving while ability impaired. 
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Monroe County Court for further proceedings in accordance with the following memorandum: On appeal from a judgment convicting him, upon a jury verdict, of driving while ability impaired (Vehicle and Traffic Law § 1192 [1]), defendant contends that County Court erred in rejecting his Batson challenge with respect to a prospective juror. We reject that contention. The court's determination whether the prosecutor's proffered race-neutral reason for striking a prospective juror is pretextual is accorded great deference on appeal (see People v Linder, 170 AD3d 1555, 1558 [4th Dept 2019], lv denied 33 NY3d 1071 [2019]; People v Larkins, 128 AD3d 1436, 1441-1442 [4th Dept 2015], lv denied 27 NY3d 1001 [2016]). Here, the People's proffered reason was that the prospective juror stated during voir dire that "innocent people get charged every day," that he talked about a right not to cooperate with police, and that he showed a better rapport with defense counsel. We conclude that the proffered reason was sufficient to satisfy "the People's 'quite minimal' burden of providing a race-neutral reason" for exercising a peremptory challenge (People v Herrod, 174 AD3d 1322, 1323 [4th Dept 2019], lv denied 34 NY3d 951 [2019]), and we see no reason on this record to disturb the court's determination that the prosecutor's explanations were not pretextual (see People v Johnson, 195 AD3d 1510, 1512 [4th Dept 2021]).
Defendant next contends that the court erred in denying his motion to dismiss the indictment on statutory speedy trial grounds (see CPL 30.30). In particular, he contends that the People's failure to disclose transcripts from the refusal hearing of the Department of Motor Vehicles (see CPL 30.30 [5]; 245.50 [1]) rendered any certificate of compliance (COC) filed pursuant to CPL 245.50 improper and thereby rendered any declaration of trial readiness made pursuant to CPL 30.30 illusory and insufficient to stop the running of the speedy trial clock. CPL 245.20 (1) requires the People to automatically disclose to the defendant " 'all items and information that relate to the subject matter of the case' that are in the People's 'possession, custody or control' " (People v Johnson, 218 AD3d 1347, 1350 [4th Dept 2023], lv denied 40 NY3d 1093 [2024]). The statute enumerates 21 categories of material subject to disclosure, but the People's disclosure obligations are not limited to those categories (see CPL 245.20 [1]; People v Bay, 41 NY3d 200, 208-209 [2023]).
Here, although the transcripts of the refusal hearing were discoverable inasmuch as they relate to the subject matter of the case (see generally CPL 245.20 [1] [e]), the People established that those transcripts were not in their possession and control when the COC was filed (see generally People v Flynn, 79 NY2d 879, 882 [1992]; People v Vargas, 78 Misc 3d 1235[A], 2023 NY Slip Op 50425[U], *6 [Crim Ct, Bronx County 2023]).
Nevertheless, the court erred in failing to consider whether the People were required to exercise due diligence to obtain transcripts not in their possession pursuant to CPL 245.20 (2) and, if so, whether the People made " 'reasonable efforts' to comply with [the] statutory directives" and " 'ma[de] reasonable inquiries to ascertain the existence of material and information subject to discovery' " (Bay, 41 NY3d at 211; see generally People v Sumler, — AD3d — [June 14, 2024] [4th Dept 2024]). Additionally, the court did not address the People's claim that defendant's motion to dismiss was untimely. We therefore hold the case, reserve decision, and remit the matter to County Court to determine the motion by ruling on the abovementioned outstanding issues, after further submissions, if warranted (see People v Rojas-Aponte, 224 AD3d 1264, 1266 [4th Dept 2024]).
Defendant failed to preserve for our review his contention that the court erred in denying his motion to dismiss the indictment on statutory speedy trial grounds insofar as the motion is premised on the People's failure to disclose the criminal background of a witness (see generally People v Morrison, 216 AD3d 1430, 1431 [4th Dept 2023], lv denied 40 NY3d 935 [2023]).
Entered: June 14, 2024
Ann Dillon Flynn
Clerk of the Court