■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v HARVEY GREEN, JR., Respondent.—Order unanimously reversed on the law, motion denied, indictment reinstated, and matter remitted to Monroe County Court for further proceedings on the indictment. Memorandum: County Court erred in concluding that delays occurring subsequent to the filing of an accusatory instrument are attributable to the People unless defendant expressly states that, in requesting or in consenting to an adjournment, he is waiving his rights under CPL 30.30. Defendant's request for, or consent to, an adjournment *is* an express waiver of those rights *(see, People v Meierdiercks,* 68 NY2d 613; *People v Kopciowski,* 68 NY2d 615; *People v Worley,* 66 NY2d 523, 527).

The court correctly found that the People announced their readiness six months and 14 days after the filing of the accusatory instrument. The court erred, however, in failing to exclude 19 days from this period as time chargeable to the

defendant. Defendant expressly requested a two-day adjournment because his counsel was unavailable, and on appeal, he concedes that this two-day period should have been excluded from the time charged to the People. We also conclude that a 17-day period immediately preceding that adjournment should have been excluded. Defense counsel indicated to the court that she needed time to review a lab report before defendant decided whether to accept a plea offer. The City Court Judge indicated that he would give her that time, and when asked if the 17-day period would be sufficient, defense counsel replied affirmatively. Counsel's indication of the need for time to consider the plea offer was, in effect, a request for an adjournment and constituted an express waiver by defendant of the 17-day delay *(see, People v Meierdiercks, supra; People v Worley, supra; People v Rushlow,* 94 AD2d 933). (Appeal from Order of Monroe County Court, Maloy, J.—Dismiss Indictment.) Present—Dillon, P. J., Callahan, Boomer, Balio and Lowery, JJ.