# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

533

KA 09-01894

PRESENT: CENTRA, J.P., FAHEY, LINDLEY, GORSKI, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

ANTHONY J. PADUANO, DEFENDANT-APPELLANT.

---

LAW OFFICES OF FRANK HOUSH, BUFFALO (FRANK HOUSH OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. VIOLANTE, DISTRICT ATTORNEY, LOCKPORT (THOMAS H. BRANDT OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Niagara County Court (Sara S. Sperrazza, J.), rendered August 11, 2009. The judgment convicted defendant, upon his plea of guilty, of grand larceny in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of grand larceny in the third degree (Penal Law § 155.35), defendant contends that he was denied his right to a speedy trial pursuant to CPL 30.30. By pleading guilty, however, defendant forfeited that contention (*see People v O'Brien*, 56 NY2d 1009, 1010; *People v Suarez*, 55 NY2d 940, 942). In any event, defendant's contention does not survive his valid waiver of the right to appeal (*see People v Barnes*, 41 AD3d 1309, *lv denied* 9 NY3d 920; *People v Tracey*, 13 AD3d 1174, *lv denied* 4 NY3d 836). Defendant mistakenly relies on *People v Seaberg* (74 NY2d 1, 9) in support of his contention that his statutory right to a speedy trial cannot be waived inasmuch as *Seaberg* concerned the *constitutional* right to a speedy trial (*see generally People v Weeks*, 272 AD2d 983, *lv denied* 95 NY2d 872). Even assuming, arguendo, that defendant's contention included a constitutional speedy trial claim, we conclude that such a claim may be voluntarily surrendered or abandoned (*see People v Rodriguez*, 50 NY2d 553, 557; *People v Denis*, 276 AD2d 237, 247, *lv denied* 96 NY2d 782, 861), and the record demonstrates that defendant withdrew his speedy trial motion before pleading guilty.

Defendant's further contention that he was denied effective assistance of counsel does not survive the plea or his valid waiver of the right to appeal "because defendant failed to demonstrate that 'the plea bargaining process was infected by [the] allegedly ineffective

assistance or that defendant entered the plea because of [defense counsel's] allegedly poor performance' " (*People v Wright*, 66 AD3d 1334, *lv denied* 13 NY3d 912).  In any event, to the extent that defendant contends that defense counsel was ineffective for withdrawing his speedy trial motion, we note that the reasons for withdrawal are not disclosed in the record, and thus defendant's contention involves matters outside the record on appeal and must be raised by way of a motion pursuant to CPL 440.40 (*see generally People v Cobb*, 72 AD3d 1565, 1567, *lv denied* 15 NY3d 803; *People v Griffin*, 48 AD3d 1233, 1236, *lv denied* 10 NY3d 840).

Entered:  May 6, 2011                          Patricia L. Morgan
                                               Clerk of the Court