# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**224**

**KA 11-00140**

PRESENT: SCUDDER, P.J., SMITH, FAHEY, CARNI, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

RONALD WHITE, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT B. HALLBORG, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT.

RONALD WHITE, DEFENDANT-APPELLANT PRO SE.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (John L. Michalski, A.J.), rendered December 14, 2010. The judgment convicted defendant, upon a jury verdict, of rape in the third degree.

It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following Memorandum: Defendant appeals from a judgment convicting him following a jury trial of rape in the third degree (Penal Law § 130.25 [3]), arising out of an incident that occurred on October 10, 2005. Defendant was arrested on August 20, 2008 and indicted on February 19, 2009. We reject defendant's contention in his main brief that Supreme Court erred in denying his motion to dismiss the original indictment pursuant to CPL 30.30 (1) (a). Contrary to the contention of defendant, the People complied with their obligation to be ready for trial within six months of the commencement of the criminal action (*see* CPL 30.30 [1] [a]). The People announced their readiness for trial in open court on February 19, 2009, within the six-month period (*see People v Goss*, 87 NY2d 792, 797; *see generally People v Kendzia*, 64 NY2d 331, 337). Although defendant was not arraigned until March 6, 2009, the time between the announcement of readiness and the arraignment "is attributable solely to the court and not charged to the prosecution" (*Goss*, 87 NY2d at 798; *see People v Rickard*, 71 AD3d 1420, 1421, *lv denied* 15 NY3d 809). In addition, we conclude that because defendant received prompt written notice of the People's readiness for trial, despite the fact that defense counsel was not present at the time of the announcement of readiness and the written notice was sent to the wrong attorney, the People satisfied their obligation to notify defendant of their readiness within the requisite six-month period (*see People v Roberts*, 176 AD2d 1200, 1200-1201, *lv*

*denied* 79 NY2d 831; *see generally People v Carter*, 91 NY2d 795, 799).

We reject defendant's further contention in his main brief that the court erred in denying his motion to dismiss the superseding indictment on the ground that the People failed to comply with CPL 30.30 (1) (a). The superseding indictment, which only corrected the date of the offense, related back to the commencement of the proceeding for purposes of computing the six-month period (*see People v Sinistaj*, 67 NY2d 236, 239).

Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject the contention of defendant in his pro se supplemental brief that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

Defendant further contends in his pro se supplemental brief that his constitutional rights to a speedy trial and due process of law were violated by the preindictment delay of approximately 40 months (*see generally People v Singer*, 44 NY2d 241, 253-254; *People v Wheeler*, 289 AD2d 959, 959-960). Defendant failed to raise that contention before the trial court, and thus it is not preserved for our review (*see People v Faro*, 83 AD3d 1569, 1569, *lv denied* 17 NY3d 858). Defendant also contends, however, that the failure of defense counsel to move to dismiss the indictment on that ground deprived him of effective assistance of counsel (*see People v Edwards*, 271 AD2d 812, 812). Because we cannot determine on this record whether counsel's failure to make that motion deprived defendant of meaningful representation, we hold the case, reserve decision and remit the matter to Supreme Court for a hearing to determine whether the preindictment delay deprived defendant of his constitutional rights to a speedy trial and due process (*see id.* at 812-813).

Entered: March 16, 2012                          Frances E. Cafarell
                                                  Clerk of the Court