# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

550

KA 11-01642

PRESENT: CENTRA, J.P., FAHEY, LINDLEY, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                  MEMORANDUM AND ORDER

ROBERT E. BADDING, JR., DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (JESSAMINE I. JACKSON OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered July 14, 2011. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree and driving while ability impaired.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the sentence imposed for driving while ability impaired under the third count of the indictment and as modified the judgment is affirmed, and the matter is remitted to Erie County Court for resentencing on that count.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and driving while ability impaired (Vehicle and Traffic Law § 1192 [1]). At the outset, we note that the certificate of conviction incorrectly reflects that defendant was convicted of driving while intoxicated, and it must therefore be amended to reflect that he was convicted of driving while ability impaired (*see People v Saxton*, 32 AD3d 1286, 1286-1287).

Contrary to defendant's contention, the record establishes that the waiver of the right to appeal was made knowingly, intelligently and voluntarily (*see People v Zimmerman*, 100 AD3d 1360, 1361, *lv denied* 20 NY3d 1015; *see generally People v Lopez*, 6 NY3d 248, 256). Additionally, defendant waived the right to raise his contention with respect to suppression on appeal inasmuch as he pleaded guilty before County Court issued its suppression ruling (*see People v Lewandowski*, 82 AD3d 1602, 1602; *People v Taylor*, 43 AD3d 1400, 1400-1401, *lv denied* 9 NY3d 1039). Defendant's further contention that he was denied his statutory right to a speedy trial is foreclosed by his guilty plea (*see People v Hansen*, 95 NY2d 227, 231 n 3; *People v Paduano*, 84 AD3d 1730, 1730; *People v Faro*, 83 AD3d 1569, 1569, *lv*

*denied* 17 NY3d 858) and, in any event, does not survive the valid waiver of the right to appeal (*see Paduano*, 84 AD3d at 1730).

As the People correctly concede, however, the sentence imposed for driving while ability impaired is illegal.  The court indicated at sentencing that defendant was convicted of driving while intoxicated and sentenced him for that misdemeanor offense, but defendant actually pleaded guilty to driving while ability impaired, which is a traffic infraction (*see* Vehicle and Traffic Law § 1193 [1]).  We therefore modify the judgment by vacating the sentence imposed for driving while ability impaired under the third count of the indictment, and we remit the matter to County Court for resentencing on that count.

Entered:  June 7, 2013                        Frances E. Cafarell
                                              Clerk of the Court