# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**817**

**KA 11-00140**

PRESENT: SCUDDER, P.J., SMITH, FAHEY, CARNI, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

RONALD WHITE, DEFENDANT-APPELLANT.

---

HERMAN KAUFMAN, RYE, FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (John L. Michalski, A.J.), rendered December 14, 2010. The appeal was held by this Court by order entered March 16, 2012, decision was reserved and the matter was remitted to Supreme Court, Erie County, for further proceedings (93 AD3d 1181). The proceedings were held and completed.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of rape in the third degree (Penal Law § 130.25 [3]). In a prior determination with respect to this appeal, we rejected the majority of defendant's contentions, but concluded that the record was insufficient to permit us to determine whether he was denied effective assistance of counsel due to his attorney's failure to move to dismiss the indictment on due process grounds, to wit, that he was denied his constitutional right to a speedy trial (*People v White*, 93 AD3d 1181, 1182). Consequently, we held the case, reserved decision on that issue, and remitted the matter to Supreme Court for an evidentiary hearing "to determine whether the preindictment delay deprived defendant of his constitutional rights to a speedy trial and due process" (*id.*). Upon reviewing the record from that hearing, we conclude that defendant was not deprived of due process or his constitutional right to a speedy trial, and thus his attorney was not ineffective in failing to move to dismiss the indictment on those grounds.

Where a defendant contends that he or she was deprived of the right to due process by a delay in commencing a prosecution, the People bear the burden of establishing that there is good cause for the delay (*see People v Singer*, 44 NY2d 241, 254). In determining whether there has been an undue delay, a court must consider several factors, including " '(1) the extent of the delay; (2) the reason for

the delay; (3) the nature of the underlying charge; (4) whether or not there has been an extended period of pretrial incarceration; and (5) whether or not there is any indication that the defense has been impaired by reason of the delay' " (*People v Decker*, 13 NY3d 12, 15, quoting *People v Taranovich*, 37 NY2d 442, 445; *see People v Vernace*, 96 NY2d 886, 887).

Upon applying the *Taranovich* factors to the facts before us, we conclude that the delay did not deprive defendant of his right to due process.  We agree with defendant that the rape in the first degree charge "can only be described as serious" (*People v Bradberry*, 68 AD3d 1688, 1690, *lv denied* 14 NY3d 838).  Conversely, although the 40-month delay in commencing the prosecution was substantial, it was not per se unreasonable (*see Decker*, 13 NY3d at 15).  Furthermore, defendant was not incarcerated for an extended period prior to the trial on these charges, and there is no evidence that defendant was prejudiced by the delay in commencing the prosecution.  Finally, the reason for the delay in this case was the police detective's inability to fully identify and locate defendant.  That excuse was not unreasonable inasmuch as the victim was unable to identify defendant from mug shots or otherwise ascertain which of the 32 men in the Buffalo Police Department's identification system with defendant's name was the perpetrator.

Therefore, inasmuch as a motion to dismiss based upon a violation of defendant's due process or constitutional speedy trial rights would not have been successful, defense counsel was not ineffective for failing to make such a motion (*see People v Alger*, 23 AD3d 706, 706-707, *lv denied* 6 NY3d 845; *see generally People v Caban*, 5 NY3d 143, 152).

Entered:  July 19, 2013                              Frances E. Cafarell
                                                     Clerk of the Court