# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1375**
**KA 13-01473**
PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                MEMORANDUM AND ORDER

RICHARD A. SCHILLAWSKI, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

CURRIER LAW FIRM, P.C., AUBURN (REBECCA CURRIER OF COUNSEL), FOR
DEFENDANT-APPELLANT.

JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (NATHAN J. GARLAND OF
COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Cayuga County Court (Thomas G.
Leone, J.), rendered July 18, 2013. The judgment revoked defendant's
sentence of probation and imposed a sentence of incarceration.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment,
entered upon his admission to violating the terms of his probation,
revoking a previously imposed sentence of probation and sentencing him
to a term of incarceration on the underlying conviction of grand
larceny in the fourth degree (Penal Law § 155.30 [1]). In appeal No.
2, defendant appeals from a judgment convicting him, upon his plea of
guilty, of an additional charge of grand larceny in the fourth degree
(§ 155.30 [7]).

Defendant did not move to withdraw his admission or plea or to
vacate the judgment of conviction in either appeal and thus failed to
preserve for our review his contention in either appeal that his
admission or plea of guilty was not voluntarily entered (*see People v
Boyden*, 112 AD3d 1372, 1372-1373, *lv denied* 23 NY3d 960; *People v
Ruffins*, 78 AD3d 1627, 1628; *People v Diaz*, 62 AD3d 1252, 1252, *lv
denied* 12 NY3d 924). This case does not fall within the narrow
exception to the preservation requirement (*see generally People v
Lopez*, 71 NY2d 662, 666). Insofar as defendant contends in appeal No.
2 that County Court erred in denying his motion to dismiss the
indictment on statutory speedy trial grounds, we note that, "[w]hen
defendant entered a plea of guilty[,] he forfeited his right to claim
that he was deprived of a speedy trial under CPL 30.30" (*People v
O'Brien*, 56 NY2d 1009, 1010; *see People v Paduano*, 84 AD3d 1730, 1730;
*People v Faro*, 83 AD3d 1569, 1569, *lv denied* 17 NY3d 858). Although

defendant's contention that he was deprived of his constitutional right to a speedy trial survives his plea of guilty (*see People v Romeo*, 47 AD3d 954, 957, *affd* 12 NY3d 51, *cert denied* 558 US 817), "defendant moved to dismiss the indictment on statutory speedy trial grounds only and thus failed to preserve for our review his present contention that he was denied his constitutional right to a speedy trial" (*People v Weeks*, 272 AD2d 983, 983, *lv denied* 95 NY2d 872; *see People v Chinn*, 104 AD3d 1167, 1169, *lv denied* 21 NY3d 1014; *People v Bradberry*, 68 AD3d 1688, 1690, *lv denied* 14 NY3d 838).  In any event, that contention is without merit.  Upon our review of the record in light of the factors relevant to such a challenge (*see People v Taranovich*, 37 NY2d 442, 445), we conclude that those factors would have compelled denial of such a motion, and we note in particular that "there [was] a complete lack of any evidence that the defense was impaired by reason of the delay" (*People v Benjamin*, 296 AD2d 666, 667; *see People v Pulvino*, 115 AD3d 1220, 1222-1223, *lv denied* 23 NY3d 1024; *People v Doyle*, 50 AD3d 1546, 1546).

Finally, the sentence is not unduly harsh or severe.

Entered:  January 2, 2015                    Frances E. Cafarell
                                             Clerk of the Court