■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IGNACIO PENA, Appellant. [11 NYS3d 596]—

Judgment, Supreme Court, Bronx County (Alvin Yearwood, J.), rendered March 16, 2012, convicting defendant, after a jury trial, of assault in the second and third degrees, reckless endangerment in the second degree, unlawful fleeing a police officer in a motor vehicle in the third degree, and operating a motor vehicle while under the influence of alcohol, and sentencing him, as a second violent felony offender, to an aggregate term of six years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). While an officer was lawfully attempting to remove defendant from a car, defendant drove forward rapidly, with the officer still hanging on to defendant, causing the officer to be dragged and injured. The totality of defendant's conduct throughout the incident supports the conclusion that defendant acted with intent to prevent the officer from performing a lawful duty (*see* Penal Law § 120.05 [3]; *People v Bueno*, 18 NY3d 160, 168-169 [2011]), and that defendant was not so intoxicated as to be unable to form the requisite intent (*see* Penal Law § 15.25; *People v Stillwagon*, 101 AD3d 1629 [4th Dept 2012], *lv denied* 21 NY3d 1020 [2013]).

Defendant's excessive sentence claim appears to be moot because he has completed his prison term and, as a result of having been deported, he is not serving postrelease supervision. In any event, we perceive no basis for reducing the sentence. Concur—Mazzarelli, J.P., Sweeny, Acosta, Clark and Kapnick, JJ.