# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1083
KA 13-00302
PRESENT: SMITH, J.P., CENTRA, VALENTINO, WHALEN, AND DEJOSEPH, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V

MEMORANDUM AND ORDER

ANTHONY MORALES, DEFENDANT-APPELLANT.

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered June 18, 2012. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of robbery in the first degree (Penal Law § 160.15 [3]). Defendant contends that the judgment should be reversed and the indictment dismissed because he was improperly shackled and dressed in jail attire during the grand jury proceeding. Defendant failed to preserve that contention for our review (*see People v Williams*, 90 AD3d 1514, 1515, *lv denied* 18 NY3d 999) and, in any event, it lacks merit. "[T]he evidence presented to the grand jury was overwhelming, and it cannot be said that defendant's . . . shackling [and jail attire] amounted to an 'instance[] where prosecutorial wrongdoing, fraudulent conduct or errors potentially prejudice[d] the ultimate decision reached by the [g]rand [j]ury' such that dismissal of the indictment is warranted" (*People v Burroughs*, 108 AD3d 1103, 1106, *lv denied* 22 NY3d 995, quoting *People v Huston*, 88 NY2d 400, 409). We reject defendant's further contention that he received ineffective assistance of counsel based on defense counsel's failure to object to the shackling and jail attire during the grand jury proceeding. Viewing the evidence, the law and the circumstances of this case, in totality and as of the time of the representation, we conclude that defendant received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147).

Defendant contends that the verdict is against the weight of the evidence because the evidence established that he used force with the intent of escaping from store security personnel, and not with the

intent of retaining control of stolen property required for his conviction of robbery under Penal Law § 160.15 (3). We reject that contention. The evidence at trial established that defendant took a pair of boots out of the store without paying for any merchandise, and then defendant pulled out a knife when confronted by store security personnel. " 'Given that defendant was in possession of the stolen property while he was engaged in such use of force, the jury was entitled to infer that his purpose in using force was to retain control of the stolen property, not merely to escape' " (*People v Sullivan*, 119 AD3d 1335, 1336, *lv denied* 25 NY3d 953). We therefore conclude that, viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).