# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

357

KA 15-00649

PRESENT: CENTRA, J.P., CARNI, DEJOSEPH, CURRAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                            MEMORANDUM AND ORDER

WILLIAM I. WALTER, DEFENDANT-APPELLANT.

---

KARPINSKI, STAPLETON & TEHAN, P.C., AUBURN (ADAM H. VANBUSKIRK OF COUNSEL), FOR DEFENDANT-APPELLANT.

JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (BRIAN T. LEEDS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Cayuga County Court (Thomas G. Leone, J.), rendered February 5, 2015. The judgment convicted defendant, upon his plea of guilty, of attempted burglary in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted burglary in the third degree (Penal Law §§ 110.00, 140.20). Insofar as defendant contends that he was denied his right to a speedy trial pursuant to CPL 30.30, we note that, " '[w]hen defendant entered a plea of guilty[,] he forfeited his right to claim that he was deprived of a speedy trial under' " that statute (*People v Schillawski*, 124 AD3d 1372, 1372-1373, *lv denied* 25 NY3d 1207, quoting *People v O'Brien*, 56 NY2d 1009, 1010; *see People v Paduano*, 84 AD3d 1730, 1730).

Furthermore, "[a]lthough defendant's contention that he was deprived of his constitutional right to a speedy trial survives his plea of guilty" (*Schillawski*, 124 AD3d at 1373), we also note that, in his pro se motion, " 'defendant moved to dismiss the indictment on statutory speedy trial grounds only and thus failed to preserve for our review his present contention that he was denied his constitutional right to a speedy trial' " (*id.; see People v Weeks*, 272 AD2d 983, 983, *lv denied* 95 NY2d 872). In any event, defendant's contention is without merit. Upon our review of the record in light of the relevant factors (*see People v Taranovich*, 37 NY2d 442, 445), we conclude that those factors would have compelled denial of a motion based on defendant's constitutional right to a speedy trial, and we note in particular that " 'there [was] a complete lack of any evidence that the defense was impaired by reason of the delay' " (*Schillawski*,

124 AD3d at 1373; *see People v Benjamin*, 296 AD2d 666, 667).

Finally, defendant contends that he was denied effective assistance of counsel as a result of defense counsel's failure to make a motion to dismiss the indictment based on the denial of his statutory right to a speedy trial (*see* CPL 30.30 [1] [a]). Defendant's contention is "foreclosed by his plea of guilty because he failed to allege that the plea bargaining process was infected by [the] allegedly ineffective assistance or that [he] entered the plea because of his attorney's allegedly poor performance" (*People v Nieves-Rojas*, 126 AD3d 1373, 1373 [internal quotation marks omitted]; *see People v Wright*, 66 AD3d 1334, 1334, *lv denied* 13 NY3d 912; *see also People v Gleen*, 73 AD3d 1443, 1444, *lv denied* 15 NY3d 773).  In any event, we note that the record on appeal is inadequate to enable us to determine whether such a motion would have been successful and whether defense counsel was ineffective for failing to make that motion and thus, defendant's contention must be raised by way of a motion pursuant to CPL article 440 (*see People v Youngs*, 101 AD3d 1589, 1589, *lv denied* 20 NY3d 1105; *Paduano*, 84 AD3d at 1731).

Entered:  April 29, 2016                          Frances E. Cafarell
                                                  Clerk of the Court