# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

**596**
**KA 13-01280**
PRESENT: WHALEN, P.J., CARNI, NEMOYER, TROUTMAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

MICHAEL BROOKS, DEFENDANT-APPELLANT.

---

WILLIAMS HEINL MOODY BUSCHMAN, P.C., AUBURN (MARIO J. GUTIERREZ OF COUNSEL), FOR DEFENDANT-APPELLANT.

JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (BRIAN T. LEEDS OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------------------------

Appeal from a judgment of the Cayuga County Court (Thomas G. Leone, J.), rendered May 24, 2013. The judgment convicted defendant, upon a jury verdict, of assault in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of assault in the second degree (Penal Law § 120.05 [3]) and sentencing him as a persistent violent felony offender to an indeterminate term of incarceration of 25 years to life. Defendant failed to preserve for our review his claim pursuant to CPL 30.20 that he was denied a speedy trial inasmuch as he did not move in writing to dismiss the indictment on that ground (*see* CPL 210.20 [1] [g]; 210.45 [1]; *see also People v Chinn*, 104 AD3d 1167, 1169, *lv denied* 21 NY3d 1014). In any event, we conclude, upon our evaluation of the pertinent factors (*see generally People v Vernace*, 96 NY2d 886, 887; *People v Taranovich*, 37 NY2d 442, 445), that the contention lacks merit (*see People v Johnson*, 134 AD3d 1388, 1388-1390).

County Court properly denied defendant's motion to dismiss the indictment on the ground that he was shackled while testifying before the grand jury. Although "a criminal defendant may not be physically restrained in the presence of a [grand] jury unless there is a rational basis, articulated on the record, for the restraint (*see People ex rel. Washington v Johnson*, 79 NY2d 934, 935; *People v Mendola*, 2 NY2d 270, 275)" (*People v Felder* [appeal No. 2], 201 AD2d 884, 885, *lv denied* 83 NY2d 871), reversal is not required here inasmuch as "the prosecutor twice gave cautionary instructions to the [g]rand [j]ury, which dispelled any prejudice that may have resulted" (*Felder*, 201 AD2d at 885). Moreover, the overwhelming nature of the

evidence adduced before the grand jury eliminated the possibility that defendant was prejudiced as a result of the improper shackling (*see People v Morales*, 132 AD3d 1410, 1410; *People v Burroughs*, 108 AD3d 1103, 1106, *lv denied* 22 NY3d 995; *see generally People v Huston*, 88 NY2d 400, 409).

The court did not err in granting defendant's request to represent himself at trial.  "A defendant in a criminal case may invoke the right to defend *pro se* provided:  (1) the request is unequivocal and timely asserted, (2) there has been a knowing and intelligent waiver of the right to counsel, and (3) the defendant has not engaged in conduct which would prevent the fair and orderly exposition of the issues" (*People v McIntyre*, 36 NY2d 10, 17).  Here, the court conducted the requisite "searching inquiry" to "ensure that the defendant's waiver [was] knowing, intelligent, and voluntary" (*Matter of Kathleen K. [Steven K.]*, 17 NY3d 380, 385; *see People v Crampe*, 17 NY3d 469, 481-482, *cert denied sub nom. New York v Wingate*, ___ US ___, 132 S Ct 1746).  Moreover, the court further inquired sufficiently to ensure that defendant "was aware of the dangers and disadvantages of proceeding without counsel" (*People v Providence*, 2 NY3d 579, 582 [internal quotation marks omitted]; *see Crampe*, 17 NY3d at 481-482).

Viewing the evidence in light of the elements of the crime of assault in the second degree as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).  We note, specifically, that the verdict is not against the weight of the evidence with respect to whether defendant caused a physical injury to the correction officer, nor with respect to whether defendant intended to prevent the correction officer from performing a lawful duty (*see People v Pena*, 129 AD3d 600, 600, *lv denied* 26 NY3d 933; *see generally Danielson*, 9 NY3d at 348-349).

Finally, we conclude that, in light of defendant's history of violent crimes and his conduct in this case, the sentence imposed is not unduly harsh or severe.

Entered:  June 17, 2016                    Frances E. Cafarell
                                           Clerk of the Court