# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1022**
**KA 15-00925**
PRESENT: SMITH, J.P., CENTRA, PERADOTTO, LINDLEY, AND CURRAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                   MEMORANDUM AND ORDER

MICHAEL A. HEWITT, DEFENDANT-APPELLANT.

---

DAVID J. FARRUGIA, PUBLIC DEFENDER, LOCKPORT (JOSEPH G. FRAZIER OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL A. HEWITT, DEFENDANT-APPELLANT PRO SE.

NIAGARA COUNTY DISTRICT ATTORNEY'S OFFICE, LOCKPORT (THOMAS H. BRANDT OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), rendered March 20, 2015. The judgment convicted defendant, upon a jury verdict, of criminal obstruction of breathing or blood circulation (two counts) and assault in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, assault in the third degree (§ 120.00 [1]). Contrary to defendant's contention in his main and pro se supplemental briefs, the People complied with their obligation to be ready for trial within six months of the commencement of the criminal action (*see* CPL 30.30 [1] [a]). The 44-day prereadiness delay between the filing of the felony complaints on November 2, 2013 and the People's announcement of their readiness for trial in open court on December 16, 2013 is well within the sixth-month period (*see People v Goss*, 87 NY2d 792, 797; *People v White*, 93 AD3d 1181, 1181). Although the People acquired new evidence from the victim's cell phone after they announced their readiness for trial, the People's statement of readiness was not illusory because the People could have proceeded to trial without the cell phone evidence by presenting the testimony of the victim and other witnesses (*see People v Brown*, 269 AD2d 809, 809, *affd* 96 NY2d 80; *People v Watkins*, 17 AD3d 1083, 1083, *lv denied* 5 NY3d 771; *People v Bargerstock*, 192 AD2d 1058, 1058, *lv denied* 82 NY2d 751). The period of postreadiness delay between May 15, 2014 and September 15, 2014 is not chargeable to the People because it was the result of "a continuance granted by the court at the request of . . . the defendant or his counsel" (CPL 30.30 [4] [b]; *see People*

*v Green*, 174 AD2d 1036, 1036, *lv denied* 78 NY2d 966). Even assuming, arguendo, that the 84-day postreadiness delay between September 15, 2014 and December 8, 2014 is chargeable to the People because a death in the prosecutor's family does not constitute an "exceptional circumstance[]" (CPL 30.30 [4] [g]; *see People v DiMeglio*, 294 AD2d 239, 240), the total prereadiness and postreadiness time chargeable to the People is only 128 days. The record therefore establishes that " 'the total period of time chargeable to the People is less than six months' " (*People v Brown*, 82 AD3d 1698, 1699, *lv denied* 17 NY3d 792; *see People v Figueroa*, 15 AD3d 914, 915).

Defendant further contends in his main and pro se supplemental briefs that he was denied his constitutional rights to a speedy trial and due process of law. Upon our review of the relevant factors (*see People v Taranovich*, 37 NY2d 442, 445), we conclude that defendant was not deprived of his constitutional right to a speedy trial (*see People v Brooks*, 140 AD3d 1780, 1780-1781), and we note in particular that " 'there [was] a complete lack of any evidence that the defense was impaired by reason of the delay' " (*People v Walter*, 138 AD3d 1479, 1480, *lv denied*, 27 NY3d 1141; *see People v Schillawski*, 124 AD3d 1372, 1373, *lv denied* 25 NY3d 1207). "Upon considering the *Taranovich* factors, we [further] conclude that the delay did not deprive defendant of his right to due process" (*People v Williams*, 120 AD3d 1526, 1527, *lv denied* 24 NY3d 1090; *see People v White*, 108 AD3d 1236, 1237, *lv denied* 22 NY3d 1044).

Finally, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

Entered: November 10, 2016                    Frances E. Cafarell
                                              Clerk of the Court