People v Allen (2018 NY Slip Op 02100)





People v Allen


2018 NY Slip Op 02100


Decided on March 23, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, CARNI, AND DEJOSEPH, JJ.


410 KA 17-01591

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ERIC S. ALLEN, DEFENDANT-APPELLANT. 






XAVIER AND ASSOCIATES, P.C., ALBANY (MICHAEL C. VISCOSI OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Cayuga County Court (Thomas G. Leone, J.), rendered March 14, 2017. The judgment convicted defendant, upon his plea of guilty, of driving while intoxicated, as a class E felony. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of driving while intoxicated (Vehicle and Traffic Law § 1192 [3]). Contrary to defendant's contention, by pleading guilty, he forfeited his right to claim that he was deprived of a speedy trial under CPL 30.30 (see People v Walter, 138 AD3d 1479, 1479 [4th Dept 2016], lv denied 27 NY3d 1141 [2016]). Defendant could not validly reserve his right to appellate review of his statutory speedy trial claim "by obtaining the consent of the prosecutor and the approval of [County Court] at the time the plea [was] entered" (People v O'Brien, 56 NY2d 1009, 1010 [1982]; see People v Perez, 51 AD3d 824, 824 [2d Dept 2008], lv denied 11 NY3d 740 [2008]).
Entered: March 23, 2018
Mark W. Bennett
Clerk of the Court