People v Alsaifullah (2018 NY Slip Op 04131)





People v Alsaifullah


2018 NY Slip Op 04131


Decided on June 8, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, CARNI, AND DEJOSEPH, JJ.


413 KA 15-00653

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TALIB ALSAIFULLAH, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






D.J. & J.A. CIRANDO, ESQS., SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT.
TALIB ALSAIFULLAH, DEFENDANT-APPELLANT PRO SE.
JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Cayuga County Court (Mark H. Fandrich, A.J.), rendered February 24, 2015. The judgment convicted defendant, upon his plea of guilty, of promoting prison contraband in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him, upon his Alford plea entered during deliberations following a jury trial, of promoting prison contraband in the first degree (Penal Law § 205.25 [2]). In appeal No. 2, defendant appeals from an order denying his motion pursuant to CPL 440.30 (1-a) for DNA testing on evidence including the weapon he was charged with possessing. In appeal No. 3, defendant appeals from an order denying his motion pursuant to CPL 440.10 to vacate the judgment. We affirm in each appeal.
Addressing first defendant's contentions in his main brief with respect to the judgment in appeal No. 1, we conclude that he "knowingly, intelligently, and voluntarily waived his right to appeal as a condition of the plea" (People v Bizardi, 130 AD3d 1492, 1492 [4th Dept 2015], lv denied 27 NY3d 992 [2016]; see generally People v Sanders, 25 NY3d 337, 340-342 [2015]). Contrary to defendant's contention, County Court "engage[d] [him] in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice . . . , and the record establishes that defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (Bizardi, 130 AD3d at 1492 [internal quotation marks omitted]; see Sanders, 25 NY3d at 341). Contrary to defendant's further contentions, we conclude that "the waiver of the right to appeal was not rendered invalid based on the court's failure to require defendant to articulate the waiver in his own words" (People v Dozier, 59 AD3d 987, 987 [4th Dept 2009], lv denied 12 NY3d 815 [2009]), the court's failure " to specify during the colloquy which specific claims survive the waiver' " (Bizardi, 130 AD3d at 1492), or the fact that the waiver "was not reduced to writing" (People v Bryan, 78 AD3d 1692, 1692 [4th Dept 2010], lv denied 16 NY3d 829 [2011]; see People v Nicholson, 6 NY3d 248, 257 [2006]).
Defendant contends that the court erred in denying his motion to dismiss the indictment on the ground that he was shackled and handcuffed while appearing before the grand jury. Even assuming, arguendo, that defendant's contention survives the valid waiver of the right to appeal (see People v Lopez, 6 NY3d 248, 255 [2006]; People v Gilmore, 12 AD3d 1155, 1155-1156 [4th Dept 2004]; People v Robertson, 279 AD2d 711, 712 [3d Dept 2001], lv denied 96 NY2d 805 [2001]), we conclude that it lacks merit. "Although a criminal defendant may not be physically restrained in the presence of a [grand] jury unless there is a rational basis, articulated [*2]on the record, for the restraint' . . . , reversal is not required here inasmuch as the prosecutor . . . gave cautionary instructions to the [g]rand [j]ury, which dispelled any prejudice that may have resulted' " (People v Brooks, 140 AD3d 1780, 1781 [4th Dept 2016]). Moreover, "the overwhelming nature of the evidence adduced before the grand jury eliminated the possibility that defendant was prejudiced as a result of the improper shackling" (id.).
Defendant's further contention that his plea was "not voluntarily entered because [he] provided only monosyllabic responses to [the court's] questions is actually a challenge to the factual sufficiency of the plea allocution" (People v Hendrix, 62 AD3d 1261, 1262 [4th Dept 2009], lv denied 12 NY3d 925 [2009]), which is encompassed by the valid waiver of the right to appeal (see People v Smith, 26 AD3d 746, 747 [4th Dept 2006], lv denied 7 NY3d 763 [2006]; People v Biaselli, 12 AD3d 1133, 1133 [4th Dept 2004]). Defendant's related contention that the court erred in accepting his Alford plea because the record lacked the requisite strong evidence of actual guilt to support his plea "survives his waiver of the right to appeal to the extent that it implicates the voluntariness of the plea" (People v Elliott, 107 AD3d 1466, 1466 [4th Dept 2013], lv denied 22 NY3d 996 [2013]). "By failing to move to withdraw the plea or vacate the judgment of conviction on the ground that the record lacked the requisite strong evidence of actual guilt,' however, defendant failed to preserve his contention for our review . . . , and this case does not fall within the narrow exception to the preservation requirement" (id.; see People v Lopez, 71 NY2d 662, 666 [1988]). In any event, we conclude that "the record establishes that defendant's Alford plea was the product of a voluntary and rational choice, and the record . . . contains strong evidence of actual guilt" (Elliott, 107 AD3d at 1466 [internal quotation marks omitted]).
Defendant contends that he was denied effective assistance of counsel because, according to defendant, defense counsel did not properly challenge the jury panel (see generally CPL 270.10). That contention does not survive his plea or the valid waiver of the right to appeal inasmuch as defendant failed to demonstrate that the plea bargaining process was infected by the allegedly ineffective assistance or that he entered the plea because of defense counsel's allegedly poor performance (see People v Brinson, 151 AD3d 1726, 1726 [4th Dept 2017], lv denied 29 NY3d 1124 [2017]; see generally People v Petgen, 55 NY2d 529, 534-535 [1982], rearg denied 57 NY2d 674 [1982]).
The contentions in defendant's main and pro se supplemental briefs that he was denied due process based upon preindictment and other prosecutorial misconduct are forfeited as a result of his guilty plea (see People v Escalera, 121 AD3d 1519, 1520-1521 [4th Dept 2014], lv denied 24 NY3d 1083 [2014]; People v Anderson, 90 AD3d 1475, 1477 [4th Dept 2011], lv denied 18 NY3d 991 [2012]), and are encompassed by his waiver of the right to appeal (see People v Thomas, 56 AD3d 1240, 1240 [4th Dept 2008], lv denied 12 NY3d 763 [2009]).
We conclude that defendant's claim of actual innocence in his pro se supplemental brief is not properly before us on defendant's direct appeal following his Alford plea. "A claim of actual innocence must be based upon reliable evidence which was not presented at the [time of the plea]' . . . , and thus must be raised by a motion pursuant to CPL article 440" (People v Brockway, 148 AD3d 1815, 1815 [4th Dept 2017]). Defendant failed to preserve his claim of actual innocence for our review inasmuch as he "failed to move to withdraw the plea, and his postjudgment motion pursuant to CPL 440.10 did not seek vacatur on that ground" (People v Grimes, 53 AD3d 1055, 1056 [4th Dept 2008], lv denied 11 NY3d 789 [2008]; see People v Jenkins, 84 AD3d 1403, 1409 [2d Dept 2011], lv denied 19 NY3d 1026 [2012]). Moreover, a plea of guilty "should not be permitted to be used as a device for a defendant to avoid a [verdict following a] trial while maintaining a claim of factual innocence" (People v Plunkett, 19 NY3d 400, 406 [2012]), and "the same is true of an Alford plea" (Brockway, 148 AD3d at 1815; see generally Matter of Silmon v Travis, 95 NY2d 470, 475 [2000]).
In appeal No. 2, defendant contends in his main brief that the court erred in summarily denying his motion pursuant to CPL 440.30 (1-a) for DNA testing on evidence that included the weapon he was charged with possessing. We reject that contention. The sole offense for which defendant was indicted and convicted, i.e., promoting prison contraband in the first degree, a class D nonviolent felony (Penal Law § 205.25 [2]), does not qualify as an offense for which the statute authorizes a motion for DNA testing of evidence following a plea of guilty and entry of a judgment thereon (see CPL 440.30 [1-a] [2]).
Contrary to defendant's contention in appeal No. 3 in his main brief, the court properly denied his CPL 440.10 motion without a hearing on the ground that the judgment was "pending on appeal, and sufficient facts appear on the record with respect to the . . . issue[s] raised upon the motion to permit adequate review thereof upon such an appeal" (CPL 440.10 [2] [b]; see People v Satterfield, 66 NY2d 796, 799 [1985]). To the extent that defendant raises those additional issues on his direct appeal in appeal No. 1, we conclude that they lack merit.
Entered: June 8, 2018
Mark W. Bennett
Clerk of the Court