People v Medley (2018 NY Slip Op 06636)





People v Medley


2018 NY Slip Op 06636


Decided on October 5, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, LINDLEY, AND DEJOSEPH, JJ.


880 KA 16-02330

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
BRANDON MEDLEY, DEFENDANT-APPELLANT. 






MICHAEL J. STACHOWSKI, P.C., BUFFALO (MICHAEL J. STACHOWSKI OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DANIEL J. PUNCH OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Deborah A. Haendiges, J.), rendered December 20, 2016. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree, criminal contempt in the first degree and criminal contempt in the second degree (three counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of burglary in the second degree (Penal Law
§ 140.25 [2]), criminal contempt in the first degree (§ 215.51 [b] [v]), and three counts of criminal contempt in the second degree
(§ 215.50 [3]). Contrary to defendant's contention, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
We reject defendant's further contention that Supreme Court erred in allowing the People to present evidence of three of his prior acts of domestic violence against the victim. The evidence was properly admitted because it was relevant to defendant's intent and to "provide background information concerning the context and history of defendant's relationship with the victim" (People v Wolff, 103 AD3d 1264, 1265 [4th Dept 2013], lv denied 21 NY3d 948 [2013]; see People v Cung, 112 AD3d 1307, 1309-1310 [4th Dept 2013], lv denied 23 NY3d 961 [2014]; People v McCowan, 45 AD3d 888, 890 [3d Dept 2007], lv denied 9 NY3d 1007 [2007]; People v Wright, 167 AD2d 959, 959-960 [4th Dept 1990], lv denied 77 NY2d 845 [1991]). Further, "the probative value of such testimony exceeded its potential for prejudice" (People v Wertman, 114 AD3d 1279, 1280 [4th Dept 2014], lv denied 23 NY3d 969 [2014]), "particularly considering the court's limiting instruction to the jury" (People v Williams, 160 AD3d 665, 666 [2d Dept 2018], lv denied 31 NY3d 1123 [2018]). Defendant failed to preserve for our review his contention that the limiting instruction was inadequate and confusing (see People v Huck, 1 AD3d 935, 936 [4th Dept 2003]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Contrary to defendant's contention, the People laid a proper foundation for the admission in evidence of a recording of a jail telephone conversation between defendant and the victim. The victim testified that the recording was "a complete and accurate reproduction of the conversation and ha[d] not been altered" (People v Ely, 68 NY2d 520, 527 [1986]; see People v Lugo, 87 AD3d 1403, 1403 [4th Dept 2011], lv denied 18 NY3d 860 [2011]). We reject defendant's further contention that he was denied his constitutional right to a speedy trial and due process of law because of the delay between his arrest and trial (see generally People v Taranovich, 37 NY2d 442, 445 [1975]; People v Hewitt, 144 AD3d 1607, 1608 [4th Dept 2016], [*2]lv denied 28 NY3d 1185 [2017]; People v Brooks, 140 AD3d 1780, 1780-1781 [4th Dept 2016]).
Entered: October 5, 2018
Mark W. Bennett
Clerk of the Court