People v Hardy (2019 NY Slip Op 04555)





People v Hardy


2019 NY Slip Op 04555


Decided on June 7, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, DEJOSEPH, TROUTMAN, AND WINSLOW, JJ.


253 KA 17-00537

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
BRANDEN HARDY, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT L. KEMP OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (JULIE BENDER FISKE OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Deborah A. Haendiges, J.), rendered February 23, 2017. The judgment convicted defendant, upon his plea of guilty, of burglary in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of burglary in the second degree (Penal Law
§ 140.25 [2]). Contrary to defendant's contention, we conclude that "the waiver of the right to appeal was not rendered invalid based on [Supreme Court's] failure to require defendant to articulate the waiver in his own words" (People v Scheifla, 166 AD3d 1531, 1532 [4th Dept 2018], lv denied 32 NY3d 1177 [2019] [internal quotation marks omitted]; see People v Ludlow, 42 AD3d 941, 942 [4th Dept 2007]).
Defendant's contention that he was denied his statutory right to a speedy trial is foreclosed by his guilty plea (see People v Hansen, 95 NY2d 227, 231 n 3 [2000]; People v Badding, 107 AD3d 1453, 1454 [4th Dept 2013]; People v Paduano, 84 AD3d 1730, 1730 [4th Dept 2011]; see generally CPL 30.30) and, in any event, the contention does not survive the valid waiver of his right to appeal (see Badding, 107 AD3d at 1454; Paduano, 84 AD3d at 1730). Defendant's further contention that the court erred in refusing to suppress his statement to the police is likewise foreclosed by his valid appeal waiver (see People v Kemp, 94 NY2d 831, 833 [1999]; People v Lindsay, 162 AD3d 1647, 1648 [4th Dept 2018], lv denied 32 NY3d 939 [2018]).
Defendant also contends that he was denied his constitutional right to a speedy trial. At the time that defendant entered his plea, however, the court had decided only that part of his speedy trial motion concerning the statutory right. Because defendant pleaded guilty before the court decided his constitutional speedy trial claim, we conclude that he abandoned that claim. As a consequence, defendant is "foreclosed from pursuing the merits of [it] on appeal" (People v Alexander, 82 AD3d 619, 624 [1st Dept 2011], affd 19 NY3d 203 [2012]).
Entered: June 7, 2019
Mark W. Bennett
Clerk of the Court