People v Johnson (2022 NY Slip Op 07407)

People v Johnson

2022 NY Slip Op 07407

Decided on December 23, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, NEMOYER, AND WINSLOW, JJ.

1244/20 KA 17-00529

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RONALD K. JOHNSON, DEFENDANT-APPELLANT. 

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (BENJAMIN L. NELSON OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (KAYLAN PORTER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Vincent M. Dinolfo, J.), rendered April 7, 2016. The judgment convicted defendant, upon his plea of guilty, of rape in the second degree. The judgment was affirmed by order of this Court entered April 30, 2021 (193 AD3d 1429), and defendant on August 23, 2021 was granted leave to appeal to the Court of Appeals from the order of this Court (37 NY3d 993), and the Court of Appeals on November 17, 2022 reversed the order and remitted the case to this Court for further proceedings (— NY3d — [Nov. 17, 2022]). 
Now, upon remittitur from the Court of Appeals,
It is hereby ORDERED that, upon remittitur from the Court of Appeals, the appeal from the judgment insofar as it imposed sentence is unanimously dismissed and the judgment is affirmed.
Memorandum: This case is before us upon remittitur from the Court of Appeals (People v Johnson, — NY3d &mdash, 2022 NY Slip Op 06537 [2022], revg People v Johnson, 193 AD3d 1429 [4th Dept 2021]). We previously dismissed the appeal from the judgment insofar as it imposed sentence, and we otherwise affirmed the judgment convicting defendant, upon his plea of guilty, of rape in the second degree (Penal Law § 130.30 [1]) in full satisfaction of a two-count indictment charging him with rape in the first degree under section 130.35 (2) and rape in the second degree under section 130.30 (1). Defendant contended that County Court erred in denying his motion to dismiss the indictment on the ground that, inter alia, his state constitutional due process rights were violated by extensive preindictment delay, and we concluded that, after review of the factors set forth in People v Taranovich (37 NY2d 442, 445 [1975]), defendant was not denied due process of law by the preindictment delay (Johnson, 193 AD3d at 1430-1431). The Court of Appeals reversed our determination, reasoning that we had "misinterpreted the Taranovich framework" (Johnson, — NY3d at &mdash, 2022 NY Slip Op 06537 at *4), and remitted the matter to this Court for "factual and legal review . . . under the proper framework" (id.).
After review of defendant's contention upon remittitur, we conclude that he was not deprived of due process of law by the preindictment delay. In determining whether defendant was deprived of due process, we must consider the factors set forth in Taranovich, which are: "(1) the extent of the delay; (2) the reason for the delay; (3) the nature of the underlying charge; (4) whether or not there has been an extended period of pretrial incarceration; and (5) whether or not there is any indication that the defense has been impaired by reason of the delay" (37 NY2d at 445; see People v Decker, 13 NY3d 12, 14-15 [2009]; People v Stefanovich, 207 AD3d 1047, 1049 [4th Dept 2022], lv denied 38 NY3d 1190 [2022]). "[N]o one factor [is] dispositive of a violation, and [there are] no formalistic precepts by which a deprivation of the right can be assessed" (People v Romeo, 12 NY3d 51, 55 [2009], cert denied 558 US 817 [2009]), but "it is well established that the extent of the delay, standing alone, is not sufficient to warrant a [*2]reversal" (People v McFadden, 148 AD3d 1769, 1771 [4th Dept 2017], lv denied 29 NY3d 1093 [2017]; see Decker, 13 NY3d at 15).
Here, as the People correctly concede, the first Taranovich factor weighs in defendant's favor inasmuch as the period of preindictment delay was extensive, exceeding seven years. The fourth factor, on the other hand, militates against dismissal of the indictment inasmuch as defendant was not incarcerated prior to indictment.
With respect to the second factor, the evidence at a hearing on defendant's motion established that the delay was not caused by any bad faith on the part of the People (see Stefanovich, 207 AD3d at 1050; People v Lewis, 199 AD3d 1441, 1442 [4th Dept 2021], lv denied 38 NY3d 1034 [2022], cert denied — US &mdash, 143 S Ct 262 [2022]). It was attributable, in part, to a backlog in DNA testing at the crime laboratory, the minor victim's inability to identify the rapist, and difficulties law enforcement had in locating and maintaining contact with the victim (see People v McFadden, 148 AD3d 1769, 1771 [4th Dept 2017], lv denied 29 NY3d 1093 [2017]; People v White, 108 AD3d 1236, 1238 [4th Dept 2013], lv denied 22 NY3d 1044 [2013]). To the extent that the delay was attributable to the People's inadvertence or a failure to prioritize the case, however, the second factor favors defendant irrespective of the absence of bad faith (see Stefanovich, 207 AD3d at 1050; People v Wheeler, 289 AD2d 959, 960 [4th Dept 2001]; see generally Taranovich, 37 NY2d at 446).
With respect to the third factor, the charge of rape in the first degree "is quite serious" and the nature of that charge "is directly related to the issues of complexity and may, therefore, account for some of the delay" (Johnson, — NY3d at &mdash, 2022 NY Slip Op 06537 at *3; see Stefanovich, 207 AD3d at 1050; White, 108 AD3d at 1237).
With respect to the fifth factor, the record reflects that the delay may have impaired defendant's ability to defend against the charge of rape in the first degree. Under the particular circumstances of this case, however, the impairment of defendant's ability to defend against that charge did not adversely impact the resulting plea inasmuch as defendant secured a plea to the strict liability crime of rape in the second degree, to which he had no defense, in full satisfaction of the indictment, with the minimum lawful sentence for a second violent felony offender. After balancing all the relevant factors, therefore, we conclude that defendant's right to due process was not violated (see People v Ramlall, 34 NY3d 1154, 1155 [2020]).
Entered: December 23, 2022
Ann Dillon Flynn
Clerk of the Court