■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAMELA M. NORTHRUP, Appellant. [804 NYS2d 229]—Appeal from a judgment of the Cattaraugus County Court (Larry M. Himelein, J.), entered October 18, 2004. The judgment convicted defendant, upon her plea of guilty, of attempted assault in the second degree and endangering the welfare of a child.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her, upon her plea of guilty, of attempted assault in the second degree (Penal Law §§ 110.00, 120.05 [9]) and endangering the welfare of a child (§ 260.10 [1]). The valid waiver by defendant of the right to appeal encompasses her challenge to the factual sufficiency of the plea allocution (see People v King, 20 AD3d 907 [2005]; People v DeJesus, 248 AD2d 1023 [1998], lv denied 92 NY2d 878 [1998]). The waiver of the right to appeal also applies to defendant's contention concerning the severity of the sentence (see People v Hidalgo, 91 NY2d 733, 737 [1998]), and, in any event, that contention lacks merit. Where, as here, defendant "effects a plea bargain and receives the precise sentence that was promised, [s]he should not later be heard to complain that [s]he received what [s]he bargained for" (People v Chambers, 123 AD2d 270, 270 [1986]; see People v McCullers, 40 AD2d 796, 797 [1972], affd 33 NY2d 806 [1973]). Present—Green, J.P., Hurlbutt, Scudder, Kehoe and Gorski, JJ.