# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**339**

**KA 10-01196**

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, LINDLEY, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

GERALD R. KROUTH, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.

GERALD R. KROUTH, DEFENDANT-APPELLANT PRO SE.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NICOLE M. FANTIGROSSI OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (David D. Egan, J.), rendered February 19, 2010. The judgment convicted defendant, upon his plea of guilty, of sexual abuse in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of sexual abuse in the first degree (Penal Law § 130.65 [3]), defendant contends that his waiver of the right to appeal is unenforceable and that Supreme Court erred in denying his motion to suppress identification testimony from the child victim. We conclude that the waiver of the right to appeal is enforceable and that it therefore precludes defendant from challenging the court's suppression ruling. "A waiver of the right to appeal is effective only so long as the record demonstrates that it was made knowingly, intelligently and voluntarily" (*People v Lopez*, 6 NY3d 248, 256). Here, the court "engage[d] the defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (*People v James*, 71 AD3d 1465, 1465 [internal quotation marks omitted]; *cf. People v Adger*, 83 AD3d 1590, 1591, *lv denied* 17 NY3d 857), and informed him that the waiver was a condition of the plea agreement (*cf. People v Williams*, 49 AD3d 1281, 1282, *lv denied* 10 NY3d 940). The record also establishes that defendant "indicated that he had spoken with defense counsel and understood that he was waiving his right to appeal as a condition of the plea" (*People v Dunham*, 83 AD3d 1423, 1424, *lv denied* 17 NY3d 794). Finally, the court made clear to defendant that the right to appeal was separate and distinct from the rights automatically forfeited upon plea (*see Lopez*, 6 NY3d

at 256; *see also People v Bradshaw*, 18 NY3d 257, 264).

We note in any event that the court properly denied defendant's suppression motion pursuant to *People v Gee* (286 AD2d 62, 72-73, *affd* 99 NY2d 158, *rearg denied* 99 NY2d 652).