THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AARON HAND, Appellant. [34 NYS3d 54]—

Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered September 21, 2010, as amended September 23, 2010, convicting defendant, after a jury trial, of enterprise corruption, scheme to defraud in the first degree, conspiracy in the fifth degree, five counts of grand larceny in the first degree and 18 counts of grand larceny in the second degree and sentencing him to an aggregate term of 8⅓ to 25 years, and judgment, same court (Laura A. Ward, J.), rendered February 6, 2012, as amended February 17, 2012, convicting defendant, upon his plea of guilty, of conspiracy in the second degree, and sentencing him, as a second felony offender, to a consecutive term of 8 to 16 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). The evidence established that the mortgage brokerage business headed by defendant was a "criminal enterprise," in that defendant and his accomplices shared "a common purpose of engaging in criminal conduct associated in an ascertainable structure" (Penal Law § 460.20 [3]) by engaging in mortgage fraud, conducting fraudulent transfers of property to "straw buyers" and diverting the mortgage proceeds to shell accounts and corrupt individuals within their control (*see generally People v Kancharla*, 23 NY3d 294, 303-306 [2014]). The evidence also demonstrated that, in making loans, banks relied on the misrepresentations of buyers' incomes and assets, as well as inflated property appraisals, that were provided by defendant and his accomplices, and thus the evidence established defendant's guilt of the grand larceny charges, along with conspiracy and scheme to defraud. We have considered and rejected defendant's remaining arguments relating to the sufficiency and weight of the evidence.

By declining the trial court's offer of a jury instruction on the issue of the geographical jurisdiction of New York County, defendant waived any challenge to venue as an issue of fact (*see People v Greenberg*, 89 NY2d 553 [1997]). To the extent that his pretrial motion to dismiss all but the enterprise corruption count on that ground could be deemed to preserve a claim that venue was improper as a matter of law, we reject that claim.

With regard to the second-degree conspiracy conviction, arising out of a plot to murder a witness who testified at the trial, defendant's guilty plea forfeited review of his venue claim (*see People v Williams*, 14 NY2d 568 [1964]). Moreover, that claim is unpreserved and waived. Concur—Friedman, J.P., Andrias, Richter and Kahn, JJ.