■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DURVAL W. PARKER, Appellant. [54 NYS3d 355]—Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered April 21, 2015. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [12]). Defendant's sole contention is that, under CPL 20.40 and the New York Constitution, the Erie County grand jury lacked authority and jurisdiction to indict him for the crime committed in Niagara County to which he pleaded guilty. We conclude that defendant's contention is foreclosed by his valid waiver of the right to appeal (*see generally People v Muniz*, 91 NY2d 570, 573-574 [1998]). Although defendant contends that the waiver does not encompass his challenge to the geographic jurisdiction of the grand jury inasmuch as that issue was not specifically mentioned during the waiver colloquy, the court "need not expressly delineate for a defendant those appellate issues that are foreclosed by a waiver of the right to appeal, and those that survive, in order for the court to obtain a valid appeal waiver" (*People v Nickell*, 49 AD3d 1024, 1025 [2008]). We note, in any event, that defendant's challenge to geographical jurisdiction in Erie County is foreclosed by his guilty plea (*see People v Hand*, 140 AD3d 636, 637 [2016], *lv denied* 28 NY3d 971 [2016]). Present—Whalen, P.J., Peradotto, DeJoseph, Curran and Winslow, JJ.