THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK S. SNYDER, Appellant. (Appeal No. 1.) [54 NYS3d 899]— Appeal from a judgment of the Seneca County Court (Dennis F. Bender, J.), rendered September 16, 2013. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]). In appeal No. 2, defendant appeals from a judgment convicting him upon his plea of guilty of criminal sale of a controlled substance in the third degree (§ 220.39 [1]). The two pleas were entered in a single plea proceeding.

We reject defendant's contention in each appeal that he did not knowingly, intelligently and voluntarily waive his right to appeal (*see generally People v Lopez*, 6 NY3d 248, 256 [2006]). The record establishes that County Court " 'engage[d] . . . defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice' . . . , and informed him that the waiver was a condition of the plea agreement" (*People v Krouth*, 115 AD3d 1354, 1354-1355 [2014], *lv denied* 23 NY3d 1064 [2014]; *see Lopez*, 6 NY3d at 257; *People v Dunham*, 83 AD3d 1423, 1424 [2011], *lv denied* 17 NY3d 794 [2011]). Defendant's challenge in each appeal to the factual sufficiency of the plea allocution is foreclosed by his valid waiver of the right to appeal (*see People v Northrup*, 23 AD3d 1102, 1102 [2005], *lv denied* 6 NY3d 757 [2005]). Contrary to defendant's contention in appeal No. 1, his waiver encompasses his challenge to the court's suppression ruling (*see People v Sanders*, 25 NY3d 337, 342 [2015]; *People v Kemp*, 94 NY2d 831, 833 [1999]). Finally, although defendant's waiver of his right "to appeal the propriety of [his] conviction to a higher [c]ourt" does not foreclose his "right to invoke the [this Court's] interest-of-justice jurisdiction to reduce the sentence" (*Lopez*, 6 NY3d at 255; *see People v Maracle*, 19 NY3d 925, 927-928

[2012]), we decline in each appeal to reduce defendant's bargained-for sentence as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [b]). Present—Whalen, P.J., Peradotto, DeJoseph, Curran and Winslow, JJ.