People v Snyder (2017 NY Slip Op 05357)





People v Snyder


2017 NY Slip Op 05357


Decided on June 30, 2017


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 30, 2017
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


879 KA 14-01379

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MARK S. SNYDER, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






CHARLES J. GREENBERG, AMHERST, FOR DEFENDANT-APPELLANT.
BARRY L. PORSCH, DISTRICT ATTORNEY, WATERLOO, FOR RESPONDENT. 


 Appeal from a judgment of the Seneca County Court (Dennis F. Bender, J.), rendered September 16, 2013. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]). In appeal No. 2, defendant appeals from a judgment convicting him upon his plea of guilty of criminal sale of a controlled substance in the third degree (§ 220.39 [1]). The two pleas were entered in a single plea proceeding.
We reject defendant's contention in each appeal that he did not knowingly, intelligently and voluntarily waive his right to appeal (see generally People v Lopez, 6 NY3d 248, 256). The record establishes that County Court " engage[d] . . . defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice' . . . , and informed him that the waiver was a condition of the plea agreement" (People v Krouth, 115 AD3d 1354, 1354-1355, lv denied 23 NY3d 1064; see Lopez, 6 NY3d at 257; People v Dunham, 83 AD3d 1423, 1424, lv denied 17 NY3d 794). Defendant's challenge in each appeal to the factual sufficiency of the plea allocution is foreclosed by his valid waiver of the right to appeal (see People v Northrup, 23 AD3d 1102, 1102, lv denied 6 NY3d 757). Contrary to defendant's contention in appeal No. 1, his waiver encompasses his challenge to the court's suppression ruling (see People v Sanders, 25 NY3d 337, 342; People v Kemp, 94 NY2d 831, 833). Finally, although defendant's waiver of his right "to appeal the propriety of [his] conviction to a higher [c]ourt" does not foreclose his "right to invoke the [this Court's] interest-of-justice jurisdiction to reduce the sentence" (Lopez, 6 NY3d at 255; see People v Maracle, 19 NY3d 925, 927-928), we decline in each appeal to reduce defendant's bargained-for sentence as a matter of discretion in the interest of justice (see CPL 470.15 [6] [b]).
Entered: June 30, 2017
Frances E. Cafarell
Clerk of the Court