■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC R. GESSNER, Appellant. [64 NYS3d 822]—

Appeal from a judgment of the Oswego County Court (Donald E. Todd, J.), rendered January 29, 2015. The judgment convicted defendant, upon his plea of guilty, of attempted sexual abuse in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted sexual abuse in the first degree (Penal Law §§ 110.00, 130.65 [1]). Defendant's contention that the People acted vindictively in presenting the felony charge to the grand jury was forfeited by his plea of guilty (*see People v Taylor*, 65 NY2d 1, 5 [1985]; *People v Rodriguez*, 55 NY2d 776, 777 [1981]) and, in any event, is encompassed by his valid and unrestricted waiver of the right to appeal (*see generally People v Parker*, 151 AD3d 1876, 1876

[4th Dept 2017]; *People v Gilliam*, 96 AD3d 1650, 1650-1651 [4th Dept 2012], *lv denied* 19 NY3d 1026 [2012]). Contrary to defendant's contention, "[t]he record establishes that County Court engage[d] [him] in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice . . . , and informed him that the waiver was a condition of the plea agreement" (*People v Snyder*, 151 AD3d 1939, 1939 [4th Dept 2017] [internal quotation marks omitted]). The record further establishes that the court was aware of defendant's traumatic brain injury (TBI) and took pains to ensure that the TBI did not impair defendant's ability to understand the plea or the waiver of the right to appeal. The plea colloquy establishes, moreover, that the waiver of the right to appeal was knowing, voluntary, and intelligent despite defendant's TBI (*see People v Scott*, 144 AD3d 1597, 1598 [4th Dept 2016], *lv denied* 28 NY3d 1150 [2017]; *People v DeFazio*, 105 AD3d 1438, 1439 [4th Dept 2013], *lv denied* 21 NY3d 1015 [2013]).

Defendant's constitutional speedy trial claim survives both his plea of guilty and his valid waiver of the right to appeal (*see People v Romeo*, 47 AD3d 954, 957 [2d Dept 2008], *affd* 12 NY3d 51 [2009], *cert denied* 558 US 817 [2009]), but the record supports the court's determination that defendant abandoned that claim by presenting no evidence and making no arguments in support of it (*see People v Smith*, 249 AD2d 426, 427 [2d Dept 1998], *lv denied* 92 NY2d 906 [1998]; *see generally People v Paduano*, 84 AD3d 1730, 1730-1731 [4th Dept 2011]).

By pleading guilty, defendant forfeited his right to appellate review of his contention that the People violated the notice requirement of CPL 710.30 with respect to the victim's identification (*see People v Perkins*, 140 AD3d 1401, 1403 [3d Dept 2016], *lv denied* 28 NY3d 1126 [2016], *denied reconsideration* 29 NY3d 951 [2017]; *People v La Bar*, 16 AD3d 1084, 1084 [4th Dept 2005], *lv denied* 5 NY3d 764 [2005]). In any event, that contention is also encompassed by his valid waiver of the right to appeal (*see People v Lopez*, 118 AD3d 1190, 1191 [3d Dept 2014], *lv denied* 24 NY3d 1003 [2014]), as is his related contention that the court should have suppressed the victim's identification (*see People v Weinstock*, 129 AD3d 1663, 1663 [4th Dept 2015], *lv denied* 26 NY3d 1012 [2015]; *People v Krouth*, 115 AD3d 1354, 1354 [4th Dept 2014], *lv denied* 23 NY3d 1064 [2014]). Present—Whalen, P.J., Smith, Lindley, NeMoyer and Curran, JJ.