Appeal from a judgment of the Erie County Court (Thomas P. Franczyk, J.), rendered December 4, 2015. The judgment convicted defendant, upon his plea of guilty, of vehicular manslaughter in the first degree.
 

 It is hereby ordered that the judgment so appealed from is unanimously affirmed.
 

 Memorandum: On appeal from a judgment convicting him upon a plea of guilty of vehicular manslaughter in the first degree (Penal Law § 125.13 [1]), defendant contends that his waiver of the right to appeal is invalid. Contrary to defendant’s contention, “[t]he record establishes that County Court engage [d] . . . defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice . . . , and informed him that the waiver was a condition of the plea agreement” (People v Snyder, 151 AD3d 1939, 1939 [4th Dept 2017] [internal quotation marks omitted]; see People v Lopez, 6 NY3d 248, 256 [2006]). Contrary to defendant’s further contention, the valid waiver of the right to appeal the “conviction and sentence,” which was made after defendant was informed of the maximum potential sentence (see People v Lococo, 92 NY2d 825, 827 [1998]; People v Hidalgo, 91 NY2d 733, 737 [1998]), encompasses his challenge to the severity of the sentence (cf. People v Maracle, 19 NY3d 925, 928 [2012]). Defendant is thus precluded from “subsequently evisceratfing the plea] bargain by asking an appellate court to reduce the sentence in the interest of justice” (Lopez, 6 NY3d at 255-256).
 

 Present—Whalen, P.J., Centra, Peradotto, Lindley and Winslow, JJ.