People v Hurd (2018 NY Slip Op 04642)





People v Hurd


2018 NY Slip Op 04642


Decided on June 21, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 21, 2018

Manzanet-Daniels, J.P., Gische, Andrias, Kapnick, Kern, JJ.


3134/13 6927 6926

[*1]The People of the State of New York, Respondent,
v
Devar Hurd, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (John Vang of counsel), for appellant.
Devar Hurd, appellant pro se.
Cyrus R. Vance, Jr., District Attorney, New York (Lee M. Pollack of counsel), for respondent.



Judgment, Supreme Court, New York County (Charles H. Solomon, J. at speedy trial motion; Roger S. Hayes, J. at jury trial and sentencing), rendered October 23, 2015, convicting defendant of criminal contempt in the second degree (seven counts), stalking in the fourth degree and harassment in the first degree, and sentencing him to an aggregate term of 7 years and 180 days, and judgment, same court (A. Kirke Bartley, Jr., J.), rendered March 31, 2016, convicting defendant, after a jury trial, of stalking in the second degree, and sentencing him to a concurrent term of 1&frac13; to 4 years, unanimously affirmed.
We find unavailing defendant's challenges to the sufficiency and weight of the evidence supporting the stalking and harassment convictions (see People v Danielson, 9 NY3d 342, 348 [2007]). The evidence of defendant's hundreds of tweets to the victim on Twitter, some of which were sexual, hostile, or aggressive in nature, established defendant's intent and the victim's reasonable fear, as required by the statutes, when viewed in light of all the circumstances, including orders of protection prohibiting defendant from contacting the victim or certain family members, issued in connection with defendant's prior conviction of stalking the same victim (see People v Brown, 61 AD3d 1007 [3d Dept 2007]; see also People v Noka, 51 AD3d 468 [1st Dept 2008], lv denied 11 NY3d 739 [2008]).
Defendant's challenge to venue as to the second-degree stalking count is unpreserved and affirmatively waived (see People v Hand, 140 AD3d 636 [1st Dept 2016], lv denied 28 NY3d 971 [2016]), and we decline to review it in the interest of justice. As an alternative holding, we find that the People met their burden of establishing by a preponderance of the evidence that venue was proper in New York County, where the victim viewed defendant's electronic communications (see CPL 20.40[1][a], [2][a]; 20.60[1],[3]). For the same reasons, we reject, on the merits, defendant's arguments regarding venue for the fourth-degree stalking and harassment counts.
We have considered and rejected defendant's pro se speedy trial arguments.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 21, 2018
CLERK