People v Kelly (2024 NY Slip Op 04881)

People v Kelly

2024 NY Slip Op 04881

Decided on October 4, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 4, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, OGDEN, NOWAK, AND KEANE, JJ.

653 KA 22-00351

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DETROIT KELLY, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (JANE I. YOON OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (RYAN P. ASHE OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered November 22, 2021. The judgment convicted defendant upon his plea of guilty of attempted criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted criminal possession of a weapon in the second degree (Penal Law §§ 110.00, 265.03 [3]). We affirm.
Contrary to defendant's contention, we conclude that the plea colloquy establishes that he knowingly, voluntarily, and intelligently waived the right to appeal (see People v Cunningham, 213 AD3d 1270, 1270 [4th Dept 2023], lv denied 39 NY3d 1110 [2023]; People v Witherow, 203 AD3d 1595, 1595 [4th Dept 2022]; see generally People v Thomas, 34 NY3d 545, 559-564 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]). Supreme Court's misstatement at sentencing that defendant could still appeal the denial of his statutory speedy trial motion does not vitiate his otherwise valid waiver of the right to appeal (see People v Snyder, 153 AD3d 1662, 1663 [4th Dept 2017]; People v West, 239 AD2d 921, 921 [4th Dept 1997], lv denied 90 NY2d 944 [1997]; see generally People v Moissett, 76 NY2d 909, 910, 912 [1990]). Consequently, defendant's valid waiver of the right to appeal precludes our review of his contention that he was denied his statutory right to a speedy trial (see People v Wint, 222 AD3d 1050, 1051 [3d Dept 2023], lv denied 41 NY3d 945 [2024]; People v Person, 184 AD3d 447, 447 [1st Dept 2020], lv denied 35 NY3d 1069 [2020]; People v Paduano, 84 AD3d 1730, 1730 [4th Dept 2011]).
Although it survives his valid waiver of the right to appeal (see People v Gessner, 155 AD3d 1668, 1669 [4th Dept 2017]; see generally People v Lopez, 6 NY3d 248, 255 [2006]; People v Seaberg, 74 NY2d 1, 9 [1989]), we conclude that defendant's contention that his constitutional right to a speedy trial was violated is unpreserved for our review because defendant failed to move to dismiss the accusatory instrument on that ground (see People v Works, 211 AD3d 1574, 1575 [4th Dept 2022], lv denied 39 NY3d 1114 [2023]; People v Williams, 120 AD3d 1526, 1526-1527 [4th Dept 2014], lv denied 24 NY3d 1090 [2014]; People v Chinn, 104 AD3d 1167, 1169 [4th Dept 2013], lv denied 21 NY3d 1014 [2013]). We decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
Entered: October 4, 2024
Ann Dillon Flynn
Clerk of the Court